**In the Matter of DANIELS CLEANERS, INC., Debtor.**

**Harvey DANIELS, Plaintiff,**

v.

**DANIELS CLEANERS, INC., Defendant.**

**Civ. A. No. 82–1929.**

United States District Court,
W.D. Pennsylvania.

Jan. 12, 1983.

Harvey Robins, Pittsburgh, Pa., for appellant, Lee Miller.

Harvey Daniels, Pittsburgh, Pa., for plaintiff.

Sanford Lampl, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

BLOCH, District Judge.

This is an appeal from the United States Bankruptcy Court for the Western District of Pennsylvania. The bankrupt, Daniels Cleaners, Inc., filed a petition for leave under Chapter XI of the Bankruptcy Code on February 13, 1981, and remained in possession and control of its assets as a Debtor-in-Possession. On January 11, 1982, the bankrupt noticed its intention to sell certain personal property, including its interest in a lease of the premises known as 3803 Forbes Avenue, Pittsburgh, Pennsylvania. The notice indicated that the sale would take place on February 2, 1982, unless written objection was filed with both the Clerk of the Bankruptcy Court and the attorney for the Debtor-in-Possession at least 48 hours prior to the sale. No written objections were filed, and the sale took place as scheduled on the aforesaid date. Appellant, Lee Miller, purchased the property at the sale for the price of $3,000. On April 22, 1982, the plaintiff, Mr. Harvey Daniels, filed, with the Clerk of the Bankruptcy Court, a petition to reopen the sale. The petition stated that plaintiff is a co-owner of the premise located at 3803 Forbes Avenue, Pittsburgh, Pennsylvania. Moreover, the petition stated that plaintiff never received notice of either the filing of the Chapter XI bankruptcy or the sale that occurred on February 2, 1982. The petition contended that plaintiff learned of the sale after it had been consummated. Plaintiff went on to aver in the petition that he believed that the price paid was too low and that the sale price should have been at least $5,000, asserting that he was willing to bid that amount to purchase the property.

The Bankruptcy Court scheduled a hearing on this matter for July 23, 1982. There is some dispute as to whether testimony was actually taken, with appellant arguing that he was denied his right to present evidence and that the Court made a decision after hearing only legal arguments in this matter. On July 26, 1982, the Bankruptcy Court entered an Order in this matter as follows:

AND NOW, this 26 day of July, 1982, upon hearing of the Petition to Reopen Sale of Harvey Daniels on behalf of the Debtor on July 23, 1982, and the Court having found that:

1. No notice of the sale held on February 21, 1982 was given to Harvey Daniels by the Debtor in Possession;

2. That all the assets of the Debtor were sold in the sale, including the lease for the premises where the Debtor is located;

3. That the sale was to an insider; and

4. That the purchaser at the sale has since assigned the lease without consulting Harvey Daniels, owner of half of the premises;

IT IS ORDERED, ADJUDGED AND DECREED that the parties shall have twenty days from the date of the hearing to present this Court with an amicable resolution of this dispute. It is further ORDERED that if such an agreement is not forthcoming, that the sale be set aside.

At Pittsburgh, Pennsylvania.

s/ Joseph L. Cosetti
Bankruptcy Judge

The appellant has appealed from this Order raising two issues for appeal as follows: (1) that the Bankruptcy Court erred in failing to provide appellant with the opportunity to introduce evidence, take testimony, cross exam witnesses, thereby denying appellant of his due process rights under the United States Constitution; and (2) that the findings of fact by the Bankruptcy Judge were not supported by the evidence. The Order of the Bankruptcy Court is hereby reversed, and the case is remanded for further proceedings.

■ The Court deems it necessary to review the Bankruptcy Court's findings and Order of July 26, 1982, in light of appellant's contentions. The first finding, that no notice of sale was given to the plaintiff, is supported by the record in this case, and appellant was not denied due process on this issue. Pursuant to Interim Bankruptcy Rule 2002,[1] a 20-day notice of a sale of property from the bankrupt's estate must be given to parties in interest in a Chapter XI bankruptcy case. Rule 2002 provides as follows:

Notices to Creditors, Equity Security Holders, and United States in Chapter 11 Reorganization Cases.

(a) *Applicability of Rule.* This rule applies only in a case filed under chapter 11 of the Bankruptcy Code.

(b) *Twenty-Day Notices to Parties in Interest.* Except as provided in subdivisions (e) and (g) of this rule, the clerk of the bankruptcy court shall give all creditors, equity security holders and indenture trustees at least 20 days' notice by mail of (1) a meeting of creditors; (2) a proposed sale of property, other than in the ordinary course of business, including the time and place of any such sale, unless the court for cause shown shortens the time or orders a sale without notice;
. . . .

It is necessary to review the facts and record in this case in light of Rule 2002.

It is undisputed that the plaintiff is a creditor in this action. The appellant admits that much in his brief by referring to plaintiff throughout as "Creditor-Daniels." Moreover, this sale was made other than in the ordinary course of business. Thus, pursuant to Rule 2002, notice of the sale had to be sent to plaintiff in order for the sale to be valid. The record on appeal contains a copy of the notice of the sale in question, which was prepared and sent by the bankrupt's counsel, as well as a list of the persons or entities to whom or which the notice was sent, along with their addresses. See docket entry No. 14 of record on appeal. The plaintiff's name is on that list, but the notice was sent to the bankrupt's attorney, rather than to the plaintiff. This was done despite the fact that plaintiff's name, address, and telephone number are listed in the Greater Pittsburgh White Pages for the years 1980 through 1982. There is no indication in the record that plaintiff ever received the notice. These revelations in the record coincide with the Bankruptcy Court's first finding in its Order of July 26, 1982, which states that no notice of the sale was given to plaintiff by the Debtor-in-Possession.

Additionally, the record and briefs of the parties indicate that there is no dispute on the second finding—that all assets of the bankrupt were sold. Thus, the Court will not dwell on this issue.

■ The third finding creates the problem in this case. The Bankruptcy Court's third finding states that the sale was to an "insider." This finding appears to be crucial to the Court's setting aside of the sale pursuant to 11 U.S.C. §§ 549 and 550.[2]

1. Interim Bankruptcy Rule 2002 has been adopted verbatim by the United States Bankruptcy Court for the Western District of Pennsylvania in its local rules.

2. Title 11 U.S.C. § 549 provides in pertinent part: "(a) *Except as provided in subsection (b) and (c) of this section, the trustee may avoid a* transfer of property of the estate—(1) that occurs after the commencement of the case; and (2)(A) that is authorized under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court." (Footnote omitted.) Title 11 U.S.C. § 550 provides in pertinent part: "(a) Except as otherwise provided in this section, to the extent that a trans-

However, there is nothing in the record to support this finding. The Court acknowledges that plaintiff's petition to reopen the sale (docket entry No. 14 of record on appeal), at paragraph 8, does state that appellant is the son of the bankrupt's president and an officer of the bankrupt corporation. These facts would qualify appellant as an insider pursuant to 11 U.S.C. § 101(25)(B), but the Court cannot accept such self-serving statements as true. Moreover, the Bankruptcy Judge's proceeding memo (docket entry no. 17 of record on appeal) contains no entry or statement that would lead to this finding. In essence, there is nothing in the record from which the Bankruptcy Court could have derived the third finding.

■ In concluding, the Court acknowledges that, in passing on a bankruptcy appeal, the District Court must accept the Bankruptcy Judge's findings of fact, unless those findings are clearly erroneous. Rule of Bankruptcy Procedure 810; *In re Hollock*, 1 B.R. 212, 215 (M.D.Pa.1979). In this case, the Court believes that the third fact finding is clearly erroneous[3] in the absence of supporting material from the record. It may well be that appellant was an insider at the time of the sale, but that fact cannot be determined from the record. Accordingly, this Court expresses no opinion on the merits of whether the sale should be set aside, and the July 26, 1982, Order of the Bankruptcy Court is reversed, and the case is remanded for proceedings consistent with this Opinion.

An appropriate Order will be issued.

fer is avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee. (b) The trustee may not recover under section (a)(2) of this section from —(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or (2) any immediate or mediate good faith transferee of such transferee."

3. The Bankruptcy Court's fourth finding—that the appellant has assigned the lease without consulting plaintiff—is also unsupported in the record. There appear to be questions concerning the propriety of setting aside the transfer of the lease that arise under 11 U.S.C. § 550(b), which this Court believes should be addressed through further, substantiated findings on remand. Thus, the Court urges the Bankruptcy Court to also address the questions surrounding the fourth finding on remand.