In re CONNELLSVILLE PLAZA, Appellant,

v.

JIFFY FOODS CORPORATION, a corporation, et al., Appellee.

Civ. A. No. 86–446.

United States District Court, W.D. Pennsylvania.

April 19, 1988.

David K. Rudov, Pittsburgh, Pa., trustee.

Philip E. Beard, Rhonda J. Sudina, Pittsburgh, Pa., for appellee.

Michael L. Fitzpatrick, Bernhard Schaffler, Pittsburgh, Pa., for appellant.

## MEMORANDUM

McCUNE, Senior District Judge.

Plaintiff appeals from a January 23, 1986 bankruptcy court order authorizing an assumption and assignment of a lease. We have jurisdiction under 28 U.S.C.S. § 158 (Supp. May, 1987). On January 28, 1988, we denied appellee's motion to dismiss this appeal. We now find, on the merits, that the bankruptcy court properly approved the lease transfer. For purposes of clarity, we will summarize the relevant facts.

### Facts

Plaintiff is the lessor of the shopping center property involved here; Jiffy Foods (Debtor) was the lessee. Debtor formerly operated a fast food restaurant at the site. The bankruptcy court authorized the assumption and assignment of the lease to Freeport, Inc., under § 365 of the Bankruptcy Code, 11 U.S.C.S. § 365 (Supp. May 1987). Freeport is a newly formed corporation incorporated by Debtor's shareholders. The assumption and assignment were orally approved at a hearing on January 2, 1986. On January 22, 1986, the court signed an order authorizing assumption and assignment under § 365; it was filed January 23, 1986.

### Discussion

A trustee may assign a lease after the court has given approval for the assumption of the lease. 11 U.S.C.S. § 365(f)(2). Congress placed restrictions on assignments of shopping center leases to protect the center's other tenants, in addition to the lessor. § 365(b)(3); *In re 905 Int. Stores, Inc.*, 57 B.R. 786 (E.D.Mo.1985). In approving the lease assumption and assignment, the bankruptcy court found that Freeport had offered adequate assurances of future performance and compatibility under § 365(b)(3).

In reviewing a bankruptcy court's decision, we must accept the findings of fact, unless clearly erroneous, and give due regard to the bankruptcy court's determination of the witnesses' credibility. *In re Morrissey*, 717 F.2d 100, 104 (3d Cir.1983); *Matter of Daniels Cleaners, Inc.*, 26 B.R. 194 (W.D.Pa.1983). Appellant lists a number of issues for appeal. First, we must determine whether the court exceeded its jurisdiction for lease assumptions by not acting within the 60 day limit of 11 U.S.C.S. § 365(d)(4). The trustee must request action within 60 days from the order for relief. The 60 day period began on May 2, 1985, the date that the Debtor converted the Chapter 7 proceedings into Chapter 11. 11 U.S.C.S. § 348. The court ordered an extension of time to assume and assign the lease on June 27, 1985, within the 60 day period. We reject appellant's contention that the date of the Chapter 7 involuntary filing (April 16, 1985) should be used to calculate the limitations period. The motion for an extension was approved within the statutory time limit.

On October 29, 1985, Debtor moved to assume and assign the lease. A trustee was appointed on November 15, 1985. The lease assumption and assignment were approved at the January 2, 1986 hearing. Appellant contends that the Debtor had no standing regarding this lease after the trustee was appointed. The hearing tran-

**138**

script discloses some confusion surrounding the motion to assume and assign. The hearing was initially conducted by attorneys for the individual parties. When the hearing and arguments ended, the trustee indicated that he approved of the motion (Tr. 70–71). While the Trustee may not have been prepared to conduct the hearing and to argue the motion, we do not find any error in the proceedings.

The trustee has control over the leases; he has the power to request assumption and assignment under § 365(a) and (f). It should not be necessary for a trustee to refile all pending motions in his name. Trustees should be permitted to allow other counsel to argue a motion, if they so choose. We find that the motion was properly before the court and authorized, as required, by the trustee. The confusion centered on the "Deluka Improvements Lease" which was either not an asset of the Estate or it was rejected by the Trustee (Tr. 54–59, 64–68).

 We will affirm the court's determination that Freeport, Inc. and its principals had sufficient assets to give adequate assurance to appellant pursuant to § 365(b)(3). The financial condition of Freeport and its principals satisfied the statutory standards. If necessary, we would find that the lease transfer procedures, prior to the hearing, were proper. Obviously the court found that the notice and the bidding process were proper. However, appellant has no standing to raise this issue. Appellant, as lessor, could have requested the court to order the trustee to assume or reject the lease. § 365(d)(2). The lessor's standing is limited to issues regarding court approval of the transfer of the lease to financially secure parties who will cure defaults under § 365(b). Here, appellant has no standing to complain about the trustee's failure to properly value the lease. The fact that appellant might have preferred another tenant is now irrelevant and unappealable. *In re El San Juan Motel,* 809 F.2d 151, 154 (1st Cir.1987). Appellant's property and its financial position have not been harmed by the court's action.

We will dismiss appellant's contention that the vacancy in the property, due to the lengthy appeal and the attendant arguments, is a breach of the lease. Freeport indicated that it would need 60 days to remodel the building prior to re-opening. Rent will be paid during this period (Tr. 39–40). The lessee is permitted to make alterations under ¶ C–10 of the lease, and appellant did not indicate at the hearing that remodeling would breach the lease.

Appellant's also question the January 22, 1986 order which indicated that the lease has not been breached or modified, that it had been renewed once and that a second renewal was available. The court did not issue any findings of fact to justify the statements. It apparently based the order upon the lease itself and appellant's failure to object or submit evidence in opposition. We find that the existence and validity of the lease were admitted at the hearing and the Bankruptcy judge was merely describing the lease.

Appellant's remaining contentions will be dismissed for being unsupported by the evidence, for lack of standing and for failure to preserve the issues on appeal under Bankruptcy Rule 8006. Any questions regarding unpaid consideration or arrearages can be resolved by petitioning the bankruptcy court, but such a petition should not delay the opening of the restaurant which Freeport should prepare for operation forthwith.

An order follows.

### ORDER

AND NOW, April 19, 1988, the order of the Bankruptcy Court entered January 23, 1986, is affirmed.