TORRUELLA, Circuit Judge.
 

 This is an appeal from a district court order dismissing as nonappealable a bankruptcy court decision granting leave to the United States to file suit on behalf of a Chapter 7 trustee against appellant Hector Rodriguez-Estrada (Rodriguez), a former trustee, for the alleged breach of his fiduciary duties to the estate. The United States District Court for the District of Puerto Rico held that the Bankruptcy Court’s order was interlocutory within the purview of
 
 *153
 
 28 U.S.C. § 158(a) and thereby declined to exercise jurisdiction. We affirm, and adopt the appellate standing rule of the Ninth Circuit in
 
 In re Fondiller,
 
 707 F.2d 441, 442-43 (9th Cir.1983), and apply it to a former trustee of a Chapter 7 debtor.
 
 Background
 

 In 1980, the San Juan Hotel Corporation filed a Chapter 11 petition for reorganization. The bankruptcy court then appointed Rodriguez as operating trustee of the debt- or hotel. Rodriguez served as operating trustee until 1983, when the proceedings were converted into a liquidating bankruptcy under Chapter 7 of the Bankruptcy Code and the bankruptcy court appointed Hans López-Stubbe as trustee. During Rodriguez’ trusteeship, he allegedly caused the debtor’s estate to incur losses in excess of two million dollars, by failing to timely pay the estate’s administrative expenses, including post-petition withholding and social security taxes,
 
 inter alia.
 

 The United States filed a request for payment of administrative taxes, seeking payment of the post-petition withholding and social security taxes. Because the estate lacked sufficient funds to pay the delinquent taxes, as well as its other debts and expenses, the government approached the trustee, López, concerning the possibility of bringing suit against Rodriguez.
 
 [1]
 
 López indicated that the estate lacked sufficient funds to prosecute such a suit and expressed doubt as to the collectability of any judgment that might be rendered against Rodriguez. Thereupon the United States filed its own
 
 ex parte
 
 application in the bankruptcy court requesting permission to prosecute a suit against Rodriguez on behalf of the estate.
 

 The bankruptcy court granted the requisite leave to file the complaint. Rodriguez appealed this order to the district court; the court refused to consider the merits of the order, reasoning that it was interlocutory and thus not appealable as of right, under 28 U.S.C. § 158(a). This appeal ensued. We affirm on the basis of the district court’s holding and also, on the basis of the alternative ground that appellant lacks standing to appeal the bankruptcy court order.
 

 The interlocutory nature of the order
 

 Appellant contests the bankruptcy court’s order which authorizes the United States government to file suit on behalf of the trustee against appellant, the former trustee. The district court held that the bankruptcy court’s order was not “final” within the meaning of 28 U.S.C. § 158(d) (1982), and thus not appealable as of right. This is not a case that presents a “discrete dispute within the larger case” of a bankruptcy proceeding, nor does it involve an “order that conclusively determines a separable dispute.”
 
 In re Saco Local Development Corp.,
 
 711 F.2d 441, 444-45 (1st Cir.1983). In contrast, the order involved here does not begin to determine the disputed issue of Rodriguez’ liability, as the former trustee, to the debtor’s estate. Rather, like an order denying a motion for summary judgment or for dismissal of a claim, the order here merely allows the proposed litigation to go forward, the very type of disposition this Court and others have repeatedly held is not “final” because it does not conclusively or effectively determine the outcome of the litigation.
 
 See In re Empresas Noroeste, Inc.,
 
 806 F.2d 315, 317 (1st Cir.1986) (order denying motion to dismiss is non-appealable interlocutory order);
 
 Catlin v. United States,
 
 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945). Rodriguez remains free to assert any claims or defenses he may have, including a motion to dismiss, and, if unsuccessful, can ultimately appeal in respect to relevant issues.
 
 See In re Fondiller, supra,
 
 at 442 (bankruptcy court order authorizing attorney to represent trustee in litigation against debt- or is not a final order, although appeal dismissed on ground of lack of standing).
 

 
 *154
 
 The district court does have discretion to exercise jurisdiction over an appeal from an interlocutory order, under 28 U.S.C. § 157(a). Examining the nature of the order, the district court concluded that said order was not surrounded by the finality or exceptional conditions which would warrant intervention. The burden of litigation, the only burden alleged by appellant, cannot alone constitute the irreparable harm necessary to warrant appellate jurisdiction over an interlocutory order.
 
 In re Empresas Noroeste, Inc.,
 
 supra;
 
 Rodriguez v. Banco Central,
 
 790 F.2d 172, 178 (1st Cir.1986);
 
 In re American Colonial Broadcasting Corp.,
 
 758 F.2d 794, 803 (1st Cir.1985). Thus the district court properly found that it lacked jurisdiction to hear this appeal.
 

 Standing
 

 The requirement of appellate standing in bankruptcy proceedings derives from Section 39(c) of the former Bankruptcy Act of 1898. 11 U.S.C. § 67(c) (1976) (repealed 1978). Under this section, the right of appellate review in bankruptcy proceedings has historically been limited to “persons aggrieved,”
 
 i.e.,
 
 to those persons whose rights or interests are “directly and adversely affected pecuniarily” by the order or decree of the bankruptcy court.
 
 In re Fondiller,
 
 707 F.2d 441, 442-43 (9th Cir.1983);
 
 In re J.M. Wells, Inc.,
 
 575 F.2d 329, 331 (1st Cir.1978). Although former Section 39(c) does not have a direct counterpart in the provisions of the current Bankruptcy Code, the courts have recognized that the requirement of appellate standing it embodied continues to be a prerequisite for appellate review in proceedings under the new Bankruptcy Code.
 
 [2]
 
 We believe that this rule sets a reasonable threshold for standing and we join the courts that have adopted it.
 

 This rule of appellate standing is necessary to insure that bankruptcy proceedings are not unreasonably delayed by protracted litigation that does not serve the interests of either the bankrupt’s estate or its creditors. The nature of bankruptcy litigation, with its myriad of parties, directly and indirectly involved or affected by each order and decision of the bankruptcy court, mandates that the right of appellate review be limited to those persons whose interests are directly affected.
 
 See In re Fondiller, supra,
 
 at 443;
 
 In re Goodwin’s Discount Furniture, supra,
 
 at 889.
 

 A litigant qualifies as a “person aggrieved” if the order diminishes his property, increases his burdens, or impairs his rights.
 
 [3]
 

 In re Fondiller, supra,
 
 at 442.
 
 [4]
 
 The evolution of the appellate standing principles, and the application of this qualifying formula, focused primarily on the bankrupt or trustee as appellant. Ordinarily under the Bankruptcy Act, 11 U.S.C.A. app. § 67(c), a bankrupt was found not to be a “person aggrieved” because adjudication absolved the bankrupt of liability and he had no interest in the distribution of property of the estate since the bankrupt’s property had passed to the trustee by virtue of the Bankruptcy Act.
 
 [5]
 
 Thus, a hope-
 

 
 *155
 
 lessly insolvent debtor does not have standing to appeal orders affecting the size of the estate, since such an order would not diminish the debtor’s property, increase his burdens, or detrimentally affect his rights.
 
 In re Fondiller,
 
 707 F.2d at 442.
 
 See also In re J.M. Wells Inc.,
 
 575 F.2d 329, 331 (1st Cir.1978). The general rule evolved that only the trustee has standing to appeal from a bankruptcy court order.
 
 [6]
 

 See Matter of Carbide Cutoff, Inc.,
 
 703 F.2d 259, 264 (7th Cir.1983).
 

 In re Fondiller, supra,
 
 707 F.2d 441, is factually similar to the instant case and important to our analysis. It involved a liquidating bankruptcy under Chapter 7 of the Bankruptcy Code. The debtor’s wife, who was not herself a party to the bankruptcy proceedings, sought to appeal an order of the bankruptcy court authorizing employment of a creditor’s attorney as special counsel to prosecute litigation to recover assets she and her husband allegedly had concealed or fraudulently conveyed. The Ninth Circuit dismissed the wife’s appeal because she lacked standing:
 

 Our review of the record shows that the order appointing Quittner as special counsel has no direct and immediate impact on appellant’s pecuniary interests. The order authorized Quittner’s employment for the exclusive purpose of representing the trustee in an attempt to recover assets allegedly concealed by appellant and the debtor. Thus, appellant’s only demonstrable interest in the order is as a potential parly defendant in an adversary proceeding. As such, she is not a “person aggrieved” by Quittner's appointment. (Citations omitted). The order did not diminish her property, increase her burdens, or detrimentally affect her rights. Therefore, we hold that appellant lacks standing to bring this appeal.
 

 707 F.2d at 443.
 

 In re Fondiller, supra,
 
 seems clearly on point to support our holding that appellant, whose only interest is as a party defendant, likewise has no standing. However, there is a factual distinction between the two cases; the appellant in
 
 In re Fon-diller
 
 is the bankrupt’s wife,
 
 [7]
 
 whereas the appellant in the instant case is a former trustee. We do not consider this distinction to be fatal to our reliance on
 
 Fondil-ler.
 
 As discussed
 
 supra,
 
 the caselaw regarding standing principally evolved on the basis of the bankrupt or the trustee as appellant. We found no case dealing with a former trustee, or equivalent thereof, as the appellant contesting an order allowing suit to be brought against him. Although
 
 Fondiller
 
 and other standing cases deal with insolvent debtors as appellants, the underlying rationale of
 
 Fondiller
 
 is applicable to this case. We interpret
 
 Fondiller
 
 to hold that a debtor, contesting a bankruptcy court order, whose only interest or burden is as a future party defendant, does not qualify as an “aggrieved person.” Appellant Rodriguez’ interest in the order is also as a party defendant and is no greater than that of the appellant’s in
 
 Fondiller.
 

 As in
 
 Fondiller,
 
 the bankruptcy court order did not diminish Rodriguez’ property, increase his burdens, or detrimentally affect his rights.
 
 In re Fondiller, supra,
 
 at 443. The former trustee does have an interest in defending himself against liability, but the order in question does not prevent Rodriguez from doing just that, or from asserting any claims or defenses he may have, including a motion for summary judgment. We think the ratio
 
 *156
 
 nale of
 
 Fondiller
 
 should apply to a former trustee.
 

 Accordingly, we
 
 affirm.
 

 [1]
 

 . There is conflicting evidence on this point; the government alleges that the current trustee approached them first, and not vice-versa.
 

 [2]
 

 .
 
 See, e.g., In re Fondiller, supra,
 
 at 443;
 
 In re Goodwin’s Discount Furniture, Inc.,
 
 16 B.R. 885, 888-89 (Bkrtcy.App.1st Cir.1982);
 
 In re Cosmopolitan Aviation Corp.,
 
 763 F.2d 507, 513-14 (2d Cir.1985),
 
 cert. denied, sub nom. Rothman v. New York State Dept. of Trartsp.,
 
 — U.S. -, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985). Accord, 1
 
 Collier on Bankruptcy,
 
 § 3.03[5] at 3-118 to -119 (15th ed. 1985).
 

 [3]
 

 . Whether an appellant is a person aggrieved is generally considered a question of fact for the district court.
 
 In re E.C. Ernst, Inc.,
 
 2 B.R. 757, 760 (S.D.N.Y.1980). In the instant case, the district court did not consider the standing issue. Since the relevant facts and necessary evidence are clearly before us and not in dispute, we consider it proper to address the issue ourselves, as the Ninth Circuit did in
 
 In re Fondiller, supra,
 
 707 F.2d 441.
 

 [4]
 

 .
 
 See also Big Shanty Land Corp. v. Comer Properties, Inc.,
 
 61 B.R. 272, 277 (N.D.Ga.1985) (where debtor had entered into contract to sell sole asset to buyer, buyer had no standing to appeal bankruptcy court’s denial of debtor’s motion to sell asset).
 

 [5]
 

 .
 
 In re Goodwin's Discount Furniture, Inc., supra,
 
 16 B.R. at 887.
 
 See also, e.g., Imperial Bowl of Miami, Inc. v. Roemelmeyer,
 
 368 F.2d 323 (5th Cir.1966);
 
 Hartman Corp. of America v. United States,
 
 304 F.2d 429, 431 (8th Cir.1962);
 
 *155
 

 Skelton
 
 v.
 
 Clements,
 
 408 F.2d 353 (9th Cir.),
 
 cert. denied,
 
 394 U.S. 933, 89 S.Ct. 1202, 22 L.Ed.2d 462 (1969);
 
 Casterner v. Morel,
 
 216 F.2d 189 (1st Cir.1954).
 

 [6]
 

 . There are two exceptions to this general rule: 1) if a successful appeal by the debtor would create an estate that has assets in excess of liabilities,
 
 York Intern. Building, Inc.
 
 v.
 
 Chaney,
 
 527 F.2d 1061 (9th Cir.1975), and 2) an appeal taken from orders that affect the terms, conditions and extent of a debtor’s discharge,
 
 Abel v. Campbell,
 
 334 F.2d 339 (5th Cir.1964).
 

 [7]
 

 . The Ninth Circuit made no distinction between whether it was the bankrupt or the wife who appealed; it appears that the bankrupt’s only interest would also have been as a party defendant and that the holding would have applied equally to him.