**In the Matter of HIPP, INC., Debtor.**

**David OLES, Appellant,**

**v.**

**HIPP, INC., and Thomas J. Griffith, Trustee for Hipp, Inc., Appellees.**

**No. 88–1034.**

United States Court of Appeals, Fifth Circuit.

Nov. 7, 1988.

Kent Frank Brooks, Dallas, Tex., for appellant.

David Oles, Amarillo, Tex., pro se.

Thomas J. Griffith, Floyd D. Holder, Jr., Lubbock, Tex., for appellees.

Before THORNBERRY, RUBIN, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Hipp, Inc., went bankrupt. Among the assets in the Hipp estate was a promissory note. David Oles, the appellant, claims to have an interest in the note. The bankruptcy judge overseeing the Hipp bankruptcy issued an order declaring, among other things, that the note was void *ab initio* and that David Oles had no interest in the note. 71 B.R. 643. Oles sought to appeal the bankruptcy court's determination to the Federal District Court for the Northern District of Texas. The district court held that Oles lacked standing because he was not a "person aggrieved" by the bankruptcy court's order. *See Matter of First Colonial Corp.*, 544 F.2d 1291, 1296 (5th Cir.1977); *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir.1987). Oles appeals the dismissal. Because we find that the record as it stands does not support the district court's order, we vacate and remand.

On appeal, the Hipp estate relies entirely upon a single argument to defend the district court's dismissal order: the Hipp estate contends that Oles was not aggrieved by the bankruptcy court's order because Oles is, and was at the time of the order, himself bankrupt. As a result, the Hipp estate argues, Oles could derive no benefit from any finding that he had a right to the note. There is, however, no indication in the record that Oles is or was bankrupt. We need not determine whether or not the district court might appropriately have disposed of the standing issue by taking judicial notice of such a bankruptcy, since the court apparently did not take judicial notice. The parties also agree that there has been an abandonment of the Oles bankruptcy. *See* 11 U.S.C. § 554. If there has been an abandonment, Oles might again have a means to benefit from favorable disposition of his appeal. Of course, as the Oles bankruptcy is absent from the record, the abandonment is likewise unmentioned.

Nor can the bankruptcy court's determination that Oles has no interest in the note dispose of the standing question. The bankruptcy court's findings may enjoy some deference, but the validity of those findings is relevant to the merits of Oles' appeal, rather than his standing to bring the appeal.

Because the record does not support the district court's dismissal for lack of standing, we vacate the district court's dismissal and remand to that court for further proceedings. In so doing, we express no opinion about the merits of Oles' claims. Moreover, it remains possible that the district court might yet, after making appropriate factual findings on the record, rule that Oles lacks standing to pursue his appeal.

The judgment below is therefore VACATED and the case is REMANDED to the district court.