**In re Ralph H. CARTER and Clara W. Carter d/b/a Carter Bros., Debtors.**

**In re Leroy E. CARTER and Carol G. Carter d/b/a Carter Bros., Debtors.**

Civ. A. No. 88–0292–B.

United States District Court,
D. Maine.

May 19, 1989.

Joseph Albanese, Brick, N.J., trustee.

Sidney S. Thaxter, Portland, Me., for respondent.

## ORDER DISMISSING APPEAL OF TRUSTEE IN BANKRUPTCY

GENE CARTER, District Judge.

Now before the Court is an appeal of two Orders entered by the United States Bankruptcy Court for the District of Maine on August 16, 1988. One Order disallowed a substantial portion of the amount requested in the Trustee's application for statutory trustee commissions and out-of-pocket costs. The other Order disallowed a substantial portion of the amount requested in the Application for Fees and Expenses filed by the attorneys for the Trustee.

The appeal arises out of two related Chapter 7 bankruptcies filed in 1980. At the time these bankruptcies were filed initially, Thomas Goodwin, Esquire, was appointed Interim Trustee. Goodwin resigned as Interim Trustee in 1981, and was replaced by John Welch, who had worked on the bankruptcies for Goodwin. In 1982 the Bankruptcy Court, on petition of the United States Trustee, removed Mr. Welch for dereliction and neglect of duty. Appellant Joseph Albanese, Esquire, the present Trustee, is the third trustee to serve on this case and has administered the case continuously since 1982.

Welch's severance from this case has proved problematic. During his brief term as Trustee, Welch reportedly maintained

few or no records and engaged in a number of questionable transactions, including an unauthorized transfer to his personal account of over $22,000 of estate money.

In 1983, Appellant initiated a lawsuit against Welch on behalf of the estate in the United States District Court, which was subsequently referred to the Bankruptcy Court. The complaint filed sought, *inter alia* damages for negligence and breach of fiduciary duty, as well as recovery of the $22,000 from Welch's personal account. The $22,000 was later returned to the estate. Welch, however, filed counterclaims against the estate for services rendered while serving as an employee of Thomas Goodwin, the Interim Trustee, in the amount of $4,500. Welch also disputed that he had failed in his duties as Trustee, and sought over $8,600 as compensation for his services in that capacity.

In early 1987, after a number of unsuccessful attempts to compromise, Appellant and Welch agreed, in principle, to a settlement of the ongoing dispute between Welch and the estate. Appellant agreed to pay Welch a lump sum of $5,000 in exchange for Welch's agreement to relinquish any and all claims against the estate. In addition, the estate would forgo any and all of its claims against Welch. This agreement was subject to approval by the Bankruptcy Court. Appellant submitted an application describing the details of the proposed agreement and asking the Bankruptcy Court for authority to settle.

The Bankruptcy Court held a hearing on May 13, 1987, at which time the application to compromise was denied. The Bankruptcy Court set the Welch litigation for trial.

Upon request of counsel, the Bankruptcy Court conducted a pretrial conference on June 24, 1987.

At the pretrial conference, The Bankruptcy Court, *sua sponte* raised the issue of its denial of the application to compromise. The Bankruptcy Court stated, without inquiry of counsel, that its sole reason for disallowing the compromise was that it provided for a $5,000 lump sum payment to Welch. The Bankruptcy Court stated that it felt that the Court, not the parties, should make the final determination as to the amount due to Welch. The Bankruptcy Court then made it clear that it would accept the agreement if the parties were to change the compromise agreement so that it left the $5,000 amount as a maximum amount payable to Welch, with the actual amount to be determined by the Bankruptcy Court after proper inquiry.[1]

On November 13, 1987, Appellant and Welch executed a stipulation modifying the proposed agreement to conform with the terms suggested by the Bankruptcy Court. The Bankruptcy Court heard the parties on the compromise, and the hearing was continued to April 20, 1988. At that time, the Court accepted the compromise, and ordered that Welch was entitled to no compensation.

On June 20, 1988, Appellant filed an application for reimbursement for attorneys fees totaling $19,065.00, plus out-of-pocket costs of $1,054.85. Appellant also sought a statutory trustee commission in the amount of $11,872.27, plus expenses of $3,143.82.[2] The Bankruptcy Court conducted a hearing on this application on July 13, 1988, upon

1. The Bankruptcy Court stated:
   ... I can't allow this compromise because I have a duty to examine into fees. If you said to me that you guys could change this application so that it would read exactly as it reads here right now, this application of compromise, I would allow it with only one change. And that change is that the estate will pay no more than $5,000 to John Welch in satisfaction of any claim he may have as trustee in this case, upon proper application and approval of the Court, said sum to be subject to the discretion of the Court.... I will allow this compromise if it's changed that no sum of

money be paid to John Welch in excess of $5,000, if that's what your bargain is. Provided, whether or not he gets the $5,000 is subject to examination by the Court.
Transcript, Pretrial Conference, June 24, 1987, at 8, 10.

2. The statutory trustee commission sought by Appellant represented the statutory maximum permitted under the pre–1984 version of 11 U.S.C. § 326. Because this case commenced prior to 1984, these rates apply instead of the higher rates permitted in post–1984 bankruptcy cases.

which the matter was taken under advisement.

On August 16, 1988, the Bankruptcy Court issued the two Orders which are the subject of this appeal. The Bankruptcy Court allowed a trustee's commission in the amount of $8,000. With respect to attorneys fees, the Bankruptcy Court allowed the sum of $15,000. In addition, the Bankruptcy Court allowed reimbursement of $381.75 in out-of-pocket costs to the Trustee, instead of the $3,143.82. The difference represents the amount paid for paraprofessional assistance. Appellant filed a timely motion for reconsideration by the Bankruptcy Court.

A hearing on Appellant's motion for reconsideration was held by the Bankruptcy Court on October 13, 1988. Appellant's motion was denied. At this hearing, Appellant inquired of the Bankruptcy Court as to the reasoning behind the Orders reducing the amounts requested. In making this inquiry, Appellant implied that he believed the Bankruptcy Court had reduced the amounts payable to the Trustee and the attorneys in order to raise the distribution available to general creditors to above twenty percent.[3] Transcript, Hearing on Motions for Reconsideration, October 13, 1988, at 13–14. The Bankruptcy Court then stated that it was "forced and backed into the corner to put on the record the real reason why these fees were cut in this case." *Id.* at 14. The Bankruptcy Court went on to express its discontent with the settlement arrived at with Welch, and to state that its reason for cutting the fees was that Appellant had failed to pursue Welch sufficiently to ensure that maximum recovery from Welch was accomplished. *Id.* at 15, 18–19, 26–27.

On October 24, 1988, Appellant filed a timely Notice of Appeal with the Bankrupt-

cy Court. This Court received Appellant's Brief in Support of Appeal on February 14, 1989. The deadline for receipt of briefing in opposition to this appeal having passed, the Court considers Appellant's brief alone, along with the record submitted to this Court for appeal. The relief requested is as follows:

1. The Court should set aside the Bankruptcy Judge's Order of August 16, 1988 with respect to Trustee's commissions and costs;
2. The Court should order that the Trustee be allowed a total commission of $41,380.76;
3. The Court should enter an order allowing the Trustee allowance of expenses in the total amount of $3,443.82.
4. With respect to attorney's fees, the Court should set aside the Order of the Bankruptcy Judge dated August 16, 1988;
5. The Court should order that the Attorneys for the Trustee be allowed the sum of $19,065.00 for attorneys fees.

As the basis for his request for relief on appeal, Appellant claims that the Bankruptcy Court erred as a matter of law in reducing the amounts for which he applied. In the alternative, Appellant claims that the Bankruptcy Court's Orders constitute an abuse of discretion. Finally, Appellant claims that the Bankruptcy Court has violated sound public policy considerations. This Court now considers each of Appellant's claims in turn.

## ANALYSIS

### 1. *Appellant Claims Error as a Matter of Law*

Appellant claims that the Bankruptcy Court's Orders reducing the amounts payable to the Trustee and the Trustee's attor-

---

3. Appellant stated as follows:
   ... I was talking with Ms. Rider roughly a week before the Court made a decision on these professional applications some time after I filed my final accountings, and as reported to me by Ms. Rider the Court apparently made an inquiry as to what the distribution would be to general Creditors. Ms. Rider said it would be in the vicinity of eleven ... per cent plus. And according to Ms. Rider the

Court's response was "I thought this was going to be a twenty per cent case."
Transcript, Hearings on Motions for Reconsideration, October 13, 1988, at 13–14. Appellant points out in its briefing to this Court that, after the reductions made in the Bankruptcy Court's Orders concerning Trustee's and attorneys fees, the distribution to general creditors would be just over twenty per cent.

neys constitute error as a matter of law. Curiously, Appellant cites no law as authority for this claim. Instead, Appellant argues that the Bankruptcy Court's reason for cutting the Trustee's and attorneys fees is inconsistent with its direction, and acceptance, of the specific compromise reached between Welch and the estate. The Bankruptcy Court stated that its reason for cutting the fees was that Appellant had not sufficiently protected the estate's interests in the settlement with Welch. Since the Bankruptcy Court suggested and then approved the terms of that settlement agreement, Appellant argues that the Bankruptcy Court's decisions to accept the compromise and then cut the amounts requested are so inconsistent that these actions together constitute error as a matter of law.

■ The Court does not agree. As Appellant himself acknowledges, the Bankruptcy Court has discretion in reviewing fee applications. Bankruptcy Rule 2014, 2016; *see In re: Manning*, 43 B.R. 712 (W.D.Va.1984). The Bankruptcy Court also has discretion in approving settlements or compromises. Bankruptcy Rule 9019(a); *see In re: Patel*, 43 B.R. 500 (N.D. Ill.1984).[4] Appellant has not provided, nor is the Court aware of, any authority to support the proposition that inconsistency between two discretionary decisions of a Bankruptcy Court indicates error as a matter of law. Absent authority for such a proposition, the Court finds no error.

### 2. *Abuse of Discretion*

Appellant next claims that it was an abuse of discretion for the Bankruptcy Court to disallow the Trustee's commission and costs, as well as the attorneys fees. Once again, Appellant cites no authority for this proposition. Instead, Plaintiff claims that it is "unreasonable per se for a Court to authorize the Trustee to take a certain action (relinquishment of claims against the former Trustee) and then penalize the Trustee (on a fee application) for taking that very action." Appellant goes on to state that the Bankruptcy Court's decisions were "clearly inconsistent" and therefore "grossly unfair."

■ As discussed above, the Bankruptcy Court has discretion both to approve compromises and to set trustee and attorney fees and costs. The Court, reviewing the Bankruptcy Court's Orders, can find an abuse of this discretion only when there is a definite and firm conviction that the Bankruptcy Court committed a clear error of judgment in the conclusion it reached. *See Pue v. Sillas*, 632 F.2d 74 (9th Cir. 1980). Under an abuse-of-discretion standard of review, inquiry is not how the reviewing judge would have ruled, but rather, abuse of discretion is shown only where no reasonable man could agree with the decision. If reasonable men could differ as to the propriety of the action, no abuse of discretion has been shown. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081 (7th Cir.1982).

■ Appellant has shown no clear error of judgment here. The Bankruptcy Court's decision was based on its observation of the parties' conduct over a period of years since the bankruptcy was first filed. By Appellant's own admission, the Bankruptcy Court was fully aware of the Welch litigation with the estate, and the circumstances surrounding the proposal and acceptance of the compromise agreement. Insofar as the Bankruptcy Court's reading of the facts are concerned, the Court must accept these facts unless they are clearly erroneous. *In re: Patel*, 43 B.R. at 503. Appellant has not convinced this Court that the Bankruptcy Court was clearly in error in its estimation that Appellant's handling of the Welch compromise was lacking in diligence. The mere fact that the Bankruptcy Court suggested the terms of, and approved, the compromise agreement does not automatically indicate overall satisfaction with the Trustee's efforts concerning the litigation. Viewing the Bankruptcy Court's decision objectively, the Court finds no abuse of discretion.

---

**4.** Appellant's argument concerning abuse of discretion is addressed *infra*.

### 3. *Public Policy Considerations*

Finally, Appellant claims that the Bankruptcy Court's decision to cut the Trustee's and attorneys fees is in violation of sound policy considerations. Appellant argues that 11 U.S.C. section 330, which empowers the Bankruptcy Court to award fees to, *inter alia*, trustees and attorneys, is intended to ensure compensation that is commensurate with fees earned for comparable services in nonbankruptcy cases. *Mann v. McCombs*, 751 F.2d 286 (8th Cir. 1984). Under section 330, the cost of comparable services, other than in bankruptcy cases, is one of the factors to be specifically considered, along with the nature, extent, and value of such services, as well as the time spent on such services. 11 U.S.C. § 330.

Appellant correctly points out that the purpose of this fee provision in section 330 is to encourage high standards of professional legal practice in the bankruptcy courts. Absent such a provision, the prospect of low attorneys fees would drive able practitioners into other, more lucrative areas of the law, to the detriment of the bankruptcy bar, and, by extension, the entire bankruptcy system. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Appellant therefore argues that upholding the Bankruptcy Court's Orders reducing the requested fees in this case would be harmful and contrary to the interests of the bankruptcy system, by discouraging lawyers from practicing bankruptcy law.

As the mechanism for promoting comparable compensation in bankruptcy matters, Congress apparently chose to direct bankruptcy courts to consider comparable fees in other areas. Without dismissing the importance of the policy considerations about which Plaintiff expresses concern, the Court notes that a fee comparison is only one of several factors to be considered by the Bankruptcy Court in exercising its considerable discretion in awarding fees. Nowhere is it suggested that, in enacting section 330, Congress intended to divest the bankruptcy courts of their discretion in determining fee awards. Having determined *supra* that the Bankruptcy Court did not abuse its discretion in this regard, and absent any specific indications that the Bankruptcy Court ignored the section 330 directive to consider comparable fees, the Court finds no violation of public policy considerations sufficient to warrant setting aside the challenged Orders.

Accordingly, the Orders of the Bankruptcy Court are AFFIRMED.