In re MEDOMAK CANNING CO.,
INC., Debtor.

KEMPER LIFE INSURANCE
CO., Plaintiff,

v.

Dennis BEZANSON, Trustee, The
Estate of Bernard Lewis and
Suzanne Lewis, Defendants.

Civ. No. 90–0302 P.

United States District Court,
D. Maine.

Jan. 10, 1991.

John P. McVeigh, Preti, Flaherty, Beliveau & Pachios, Portland, Me., for Kemper Life Ins.

U. Charles Remmel and R. Terrance Duddy, Kelly Remmel & Zimmerman, Portland, Me., for Dennis Bezanson.

Robert J. Keach, Verrill & Dana, Portland, Me., for Bernard Lewis.

Jeffrey Rosenblatt, Berman, Simmons & Goldberg, Lewiston, Me. and Peter L. Murray, Murray, Plumb & Murray, Portland, Me., for Suzanne Lewis.

## ORDER DENYING PLAINTIFF'S MOTION FOR STAY PENDING APPEAL

GENE CARTER, Chief Judge.

In an interpleader action brought as an adversary proceeding in the Bankruptcy Court, Kemper Life Insurance Co. sought to determine the appropriate beneficiary of a life insurance policy insuring Bernard Lewis. All three Defendants asserted claims to the one million dollar policy. Defendant Suzanne Lewis counterclaimed seeking reformation of the contract on theories of mutual mistake and unilateral mistake based on negligence and indicated in discovery that she would also assert an independent claim of negligence against Kemper. The Defendants agreed to a compromise of the interpleader action by which

the proceeds of the insurance policy were divided between Medomak and the Estate of Bernard Lewis, and all cross-claims and counterclaims were dismissed with prejudice. The compromise and the dismissal, however, did not "release, discharge, modify, or otherwise affect any claims or causes of action which Suzanne Lewis might have against Kemper Life Insurance Co." and others "arising out of the fact that Suzanne Lewis was not named as beneficiary of the insurance policy which was the subject of this adversary proceeding." The compromise also expressly provided that it did not establish any fact or issue of law at issue in the adversary proceeding. The Bankruptcy Court approved the compromise over the objection of Kemper in an order dated October 31, 1990.

Kemper then filed in the Bankruptcy Court a Notice of Appeal or In the Alternative a Motion for Leave to Appeal the October 31 order as well as a Motion for a Stay Pending Appeal. After hearing, the Bankruptcy Court found its order as to the distribution of the interpleaded funds final and further found that all contract claims based on the underlying insurance policy had been resolved. Despite its finding of finality, which under 28 U.S.C. § 158 and Bankruptcy Rule 8001 is the basis for appeal as of right, the Bankruptcy Court equivocated on the order's finality as to Kemper, but found, in any event, that Kemper had no standing to appeal and denied the Motion for Leave to Appeal. The Bankruptcy Court also denied the Motion for Stay Pending Appeal, finding that because Kemper is not aggrieved by the Order Approving Compromise, it does not have standing to appeal and therefore does not have a reasonable likelihood of success on the merits. Kemper has now renewed its motions in this Court.

■ The Court finds that the Bankruptcy Court's Order Approving Compromise is a final order within the meaning of 28 U.S.C. § 158(a). *In the Matter of Merle's Inc.*, 481 F.2d 1016, 1018 (9th Cir.1973). The adversary proceeding in the Bankruptcy Court presented a discrete dispute within the larger bankruptcy proceeding concerning entitlement among the three competing claimants to the proceeds of the insurance policy. *See In re El San Juan Hotel*, 809 F.2d 151, 153 (1st Cir.1987). Because the Order Approving Compromise is final, Kemper is entitled to appeal as of right. The Court will, therefore, not consider Kemper's Motion In the Alternative for Leave to Appeal.

■ In evaluating Kemper's motion for a stay pending appeal, the Court must consider factors similar to those generally considered in determining whether to grant a preliminary injunction: appellant's likelihood of success on the merits; irreparable harm to the appellant if the stay is not granted; harm to the other party if the stay is granted; and whether the public interest would be affected by granting of the stay. *See In Re Public Service Co. of New Hampshire*, 116 B.R. 347 (Bankr.D.N. H.1990); *Ramsdell v. G.H. Coffey Co., Inc.*, 632 F.2d 162 (1st Cir.1980) (denying stay pending appeal when appellant failed to establish reasonable likelihood of success on merits, the extent of irreparable harm was unclear and the equities were not on appellant's side). Having considered all the materials before it, the Court finds that Kemper is not entitled to the stay it seeks.

■ In order for Kemper to succeed on the merits of its claim, it must first establish that it is a "person aggrieved" by the Bankruptcy Court's order, who thus has standing to appeal. In denying Kemper's motion for stay pending appeal, the Bankruptcy Court found that Kemper was not aggrieved. In *In re El San Juan Hotel*, 809 F.2d at 154, the Court of Appeals for the First Circuit determined that "a litigant qualifies as a 'person aggrieved' [by a Bankruptcy Court order], if the order diminishes his property, increases his burdens, or impairs his rights." The court found this rule of appellate standing "necessary to insure that bankruptcy proceedings are not unreasonably delayed by protracted litigation that does not serve the interest of either the bankrupt's estate or its creditors." *Id.* Kemper has failed to

make the necessary showing that it is likely to be able to establish standing.

First, Kemper has failed to show that it is likely its property will be diminished by the order of the Bankruptcy Court. The Order Approving Compromise resolved Kemper's interpleader claim by determining how the insurance proceeds should be distributed. All the contract claims were determined by the order and rights to the fund deposited by Kemper established. Suzanne Lewis had counterclaimed for reformation of the contract based in part on the doctrine of unilateral mistake grounded in negligence. In discovery Kemper also learned that Lewis believed Kemper's alleged negligence entitled her to payment of one million dollars separate and apart from the policy proceeds if the proceeds were not distributed to Suzanne Lewis. It is this claim, for a second million dollars that was preserved by the compromise. Kemper argues that the compromise subjects it to the possibility of paying twice on the same claim. Its theory is that if, in litigation on the reformation counterclaim, it had been allowed to determine the issues of negligence and whether Suzanne Lewis should have been the distributee of the insurance proceeds, her independent negligence claim for a million dollars apart from the proceeds might have been precluded.

Kemper has shown the Court absolutely nothing, by way of citation or argument here or before the Bankruptcy Court,[1] to indicate that Suzanne Lewis would have been entitled to reformation of the insurance contract on the basis of unilateral mistake on the part of Bernard Lewis and Kemper's alleged negligence. Maine law clearly does not provide for reformation on such grounds.[2] *Lietz v. Berry*, 543 A.2d 367 (Me.1988); *Young v. McGown*, 62 Me. 56 (1873); *see also, Sinclair v. Home Indemnity Co.*, 159 Me. 367, 374 (1963) (affirming the dismissal of plaintiff's action for reformation of an insurance contract when the "evidence does not support the cause of mutual mistake but rather a failure on the part of the agent for the defendant insurance company to provide [plaintiff] with the type of coverage he ordered.")

The only manner in which Kemper would be subjected to double liability by the independent tort suit is if Suzanne Lewis should have received the proceeds of the policy on her reformation counterclaim alleging in part negligence. Since Kemper has not shown that reformation of the contract was a likely outcome, it has not shown a likelihood that its property was diminished by the dismissal with prejudice of that claim under the compromise. The negligence claim to which it now stands exposed seeks one million dollars in damages separate and apart from the insurance proceeds which were the subject of the interpleader action.

Kemper also has not made a showing of a likelihood that the order of compromise from which it appeals increases its burdens or impairs its rights. While Kemper obviously has an interest in defending itself against liability in the negligence claim, the fact that it will have to defend itself in that independent tort action does not seem to be the type of burden envisioned as a basis for

---

1. In fact, Kemper has submitted two memoranda to this Court addressing the issues raised so far by its motion, and neither cites a single case supporting any of its broad assertions as to what it is entitled. Under the law of this circuit, "it is settled beyond peradventure that issues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Collins v. Marina-Martinez*, 894 F.2d 474, 479 n. 9 (1st Cir.1990). Here, counsel for Kemper tried to excuse what it described as a brief summary of the issues by referring to "holiday time pressures and the imminent distribution of the interpleaded funds." This is not an acceptable excuse for failing to provide the court with any citations of authority, and certainly cannot explain counsel's failure to do so in its January 2 memorandum. Given the posture of this case, in which the motion carries with it documents and memoranda filed in the Bankruptcy Court, the Court will not deem Kemper's arguments waived and will examine the arguments made below. However, to the extent that Kemper has failed to cite legal authority, it will obviously have a more difficult time making a showing of likelihood of success on any given issue.

2. If any law other than Maine law applies here, Kemper has not suggested what it might be, or why.

**674**

standing. *See In Re El San Juan Hotel,* 809 F.2d at 155. Moreover, Kemper's rights in that respect are in no way impaired by the order of compromise, which specifically preserves all defenses which Kemper may have against the negligence claim which has now been brought against it. *See id.*

■ Kemper makes a few vague arguments as to its rights, again without citation to authority, that the Court will address specifically. First, for example, Kemper states that if Suzanne Lewis failed to assert her negligence claim against Kemper, it should be barred. Despite the settlement of the contract claims concerning the insurance policy proceeds, Kemper may seek to estop assertion of those claims, *see Dindo v. Whitney,* 451 F.2d 1, 2–3 (1st Cir.1971), and the compromise specifically preserves its opportunity to do so.[3] Kemper also asserts that it is entitled to a full adjudication of the facts alleged against it and of all factual issues inextricably intertwined with the interpleader claim and counterclaim. Since Kemper has not shown any likely legal basis for the reformation claim brought against it by Suzanne Lewis,[4] the Court cannot find that

Kemper had the right to have the facts relating to such a claim adjudicated.[5]

Finally, Kemper seems to suggest that it has a right to have all claims against it adjudicated in the forum which it chose. Kemper does not support this assertion, and the Court does not find it particularly persuasive. There is no prejudice to Kemper from having to adjudicate the negligence claims against it in state court; such claims are not any better tried by the Bankruptcy Court than any other forum. Should Kemper desire a federal forum in which to assert its fraudulent conveyance defense, it may always remove the tort case from state to federal court. Moreover, as discussed above, all of Kemper's defenses to the tort action have been preserved, no matter where the proceedings occur.

Since Kemper has not shown any likelihood that it has standing to assert its appeal, it cannot show likelihood of success on the merits of its appeal.[6] Kemper urges that it will suffer irreparable harm if the proceeds of the insurance policy are distributed to the creditors of the bankruptcy estate and to the probate estate, because "once the money is distributed, it will be impossible to recover" should it be deter-

3. Kemper also asserts that it will lose the procedural advantage of the non-jury trial that would have occurred in the Bankruptcy Court because Suzanne Lewis failed to request a jury trial there. It is unclear that this is a "right" in the sense contemplated by *In Re El San Juan Hotel.* In any event, this issue is bound up with the question whether Suzanne Lewis's claim will be barred because she failed to present it in the Bankruptcy Court, and Kemper remains free under the compromise to assert any arguments it might have in that regard.

4. The Court notes that in its amended answer to Suzanne Lewis's counterclaim, Kemper asserted that the counterclaim failed to state a claim upon which relief could be granted.

5. The cases cited to the Bankruptcy Court as supporting a *right* to have all related but independent claims adjudicated in an interpleader action do not appear to the Court to go that far. In *Royal School Laboratories Inc. v. Watertown,* 358 F.2d 813 (2d Cir.1966), *John Hancock Mut. Life Ins. Co. v. Yarrow,* 95 F.Supp. 185 (E.D.Pa. 1951), and *Travelers Ins. Co. v. First Nat. Bank,* 675 F.2d 633 (5th Cir.1980), the courts held that the existence of independent claims did not pre-

vent the use of interpleader, and that jurisdiction exists over logically dependent or factually intertwined claims. In *John Hancock,* the court stated that certain independent claims "raise substantial issues of fact which must be decided at a trial on the merits of defendant's adverse claims." *John Hancock Mut. Life Ins. Co. v. Yarrow,* 95 F.Supp. at 188. Here, Kemper achieved resolution of its interpleader claim to determine who was entitled to the insurance proceeds. Kemper has not shown a likelihood that that determination would or could have been affected in any way by any assertions of negligence made by Suzanne Lewis. In such a situation, there can exist no *right* to have claims of negligence adjudicated in the interpleader action.

6. The Court notes too that were Kemper to establish standing, the standard for overturning the approval of a compromise requires a showing of abuse of discretion by the Bankruptcy Court—a difficult standard to meet. *In re Carter,* 100 B.R. 123 (D.C.Me.1989). While Kemper has demonstrated perhaps that reasonable people might disagree about the propriety of this compromise, that is not enough to indicate an abuse of discretion. *Id.*

mined that it should not have been distributed under the compromise. Kemper does not cite any law to support its assertion that the money could not be recovered if the Bankruptcy Court's order were reversed on appeal. Moreover, if this is meant to be a factual assertion, it is significantly undercut by Kemper's failure to indicate any imminence of distribution to creditors of the bankruptcy estate and even more significantly by Kemper's assertion on a subsequent page of its brief that the estate now has enough money, without these insurance proceeds, to pay its creditors. Given this weak showing of harm to Kemper if a stay is not granted, and the very strong likelihood that Kemper will not succeed on the merits of its appeal, the Court will deny Kemper's Motion for a Stay Pending Appeal.

Accordingly, it is ORDERED that the Interim Stay entered by this Court on December 26, 1990 and extended on January 4, 1991 is hereby DISSOLVED. It is FURTHER ORDERED that Kemper's Motion for a Stay Pending Appeal be, and it is hereby, DENIED.

SO ORDERED.