NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a1016n.06
Filed: December 29, 2005

Case No. 04-2303

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re: SCOTT JAMES FORTIER, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | ON APPEAL FROM THE |
| ---------------------------------------------------- | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| DEBORAH FORTIER VICKERS, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: KEITH, KENNEDY and BATCHELDER, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. This case arises from the personal bankruptcy

of Scott Fortier, who is the appellant's ex-husband. In 1998, Fortier filed for bankruptcy protection

for Wolverine Litho, Inc., ("Wolverine") of which Fortier was the sole shareholder. At the

conclusion of Wolverine's bankruptcy proceedings, Wolverine's trustee abandoned to the

corporation the estate's only asset, a residence at 25 Carlton N.E., Grand Rapids, MI. This property

was of no value to the estate because it was encumbered by corporate liens, including liens of the

Internal Revenue Service ("IRS"), in excess of its fair market value.

In 1999, Fortier also filed for personal bankruptcy protection. In order to permit Fortier to

realize his 100% stock interest in Wolverine, which was listed as an asset of the personal bankruptcy estate, the trustee of Fortier's personal bankruptcy proposed to sell the Carlton property. The trustee reached a settlement with the IRS and other lien holders whereby the lienholders, including the IRS, would release their rights to foreclose on the property and to apply any proceeds to the corporate liens; the property would be sold free and clear of all liens; the personal bankruptcy estate would retain from the proceeds of the sale the trustees's expenses plus $5,000, to be available for payment of claims of Fortier's creditors; and the balance of the proceeds from the sale would be turned over to the IRS. The bankruptcy court entered an order confirming the sale on those terms in 2000, and, after receiving the agreed-upon $5,000, the trustee issued a notice of possible dividend to creditors. Vickers, who is the appellant in this case, was not notified of the dividend because, despite the fact that Fortier owed her a substantial amount of back child support, he had not listed her on the debtor's schedules. More than one year later, Vickers filed a proof of claim against Fortier's estate.

In 2003, the trustee moved for disgorgement of funds from the sale of the Carlton property previously distributed to the IRS, claiming that Vickers was entitled to subordinate the tax lien under 11 U.S.C. § 724(b). The bankruptcy court held that the Carlton property was part of Fortier's individual estate and was not part of the corporate entity's estate. Further, the court treated the sale order as a non-final, interlocutory order and held that Vickers' claim was entitled to priority distribution. On appeal, the district court reversed, holding that the bankruptcy court's 2000 order confirming the sale was a final order that must be given *res judicata* effect. We agree.

1. <u>Vickers' claim is barred by res judicata.</u>

The application of *res judicata* is a question of law that we review *de novo*. *In re Baker & Getty Financial Services, Inc.,* 106 F.3d 1255, 1259 (6th Cir. 1997). A claim is barred by *res*

2

*judicata* if: (1) there has been a final decision on the merits by a court of competent jurisdiction; (2) the subsequent action is between the same parties or persons in privity with those parties; (3) the issue in the subsequent action was litigated in the prior action; and (4) there is identity between the causes of action. *Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir. 1997).

A.    <u>The bankruptcy court's order was final.</u>

In *In re Dow Corning*, the Sixth Circuit held that finality "is considered in a more pragmatic and less technical way in bankruptcy cases than in other situations." 86 F.3d 482, 488 (1996) (internal quotation omitted). "Therefore, where an order in a bankruptcy case finally disposes of discrete disputes within the larger case, it may be appealed immediately." *Id.* (internal quotation omitted); *see also In re Morton*, 298 B.R. 301, 303 (6th Cir. B.A.P. 2003) (bankruptcy order is final if it ends litigation on merits and leaves nothing for the court but execution of judgment). Other circuits are in accord. *See In re Orr*, 180 F.3d 656, 659 (5th Cir. 1999) (finality threshold lower in bankruptcy; therefore, order disposing of post-discharge viability of pre-discharge tax liens was final order); *In re Sax*, 796 F.2d 994, 996 (7th Cir. 1986) (finality interpreted more liberally in bankruptcy; therefore, orders approving sale of debtor's property are final decisions); *Lewis v. United States, Farmers Home Admin.*, 992 F.2d 767, 772 (8th Cir. 1993) (order considered final in bankruptcy when only mechanical or ministerial action remains for bankruptcy court); *In re Saco Local Dev. Corp.*, 711 F.2d 441, 446 (1st Cir. 1983) (order leaving open how much money claimant will receive is not final because it leaves bankruptcy court with more than just ministerial duties); *In re Medomak Canning Co.*, 123 B.R. 671, 672 (D. Me 1991) (order approving settlement among three competing claimants to proceeds of insurance policy was final).

In this case, the bankruptcy court's sale order was final. The order disposed of a discrete

3

matter within Fortier's personal bankruptcy: the role of the Carlton property, which had been abandoned to Wolverine, whose stock was property of Fortier's bankruptcy estate. It gave effect to a settlement among the parties regarding the proceeds from the sale of that property. The order specified that the property would be sold according to the terms of that settlement, and it specified the exact distribution of the sale proceeds. After issuing the order, the bankruptcy court retained only the ministerial function of executing it. We hold that the district court correctly found that the order was final for purposes of *res judicata* and for purposes of Rule 60(b).

2.      <u>The remaining elements of *res judicata* are satisfied.</u>

In addition to finding that the bankruptcy court's order was final, we also conclude that the issue in this action – the disposition of funds from the Carleton property – was addressed in a prior action and that there is identity between the prior action and Vickers' current claim. Nonetheless, *res judicata* will only apply if we find that Vickers was in privity with the prior litigating party, who is, in this case, the trustee.

We hold that because the trustee acted on behalf of all of Fortier's creditors when reaching a settlement with the IRS, Vickers and the trustee were in privity for purposes of the trustee's prior action. In *In re Indian Motocycle Co.*, the First Circuit held that the IRS was bound by the settlement of a bankruptcy trustee where the trustee entered into the settlement prior to the date on which the IRS filed its claim. 289 B.R. 269, 281 (1st Cir. B.A.P. 2003). The court wrote that "[w]hen the IRS became an administrative tax claimant, it too was bound by the Settlement Agreement." *Id.* Likewise, because the trustee in this case acted on behalf of all of Fortier's creditors, Vickers is bound by the agreement between the trustee and the IRS. Accordingly, we find that all four elements of *res judicata* are satisfied.

4

3.      Vickers' Rule 60(b) claims are untimely.

Vickers also seeks relief under Fed. R. Civ. P. 60(b), which is applicable to bankruptcy claimants via Bankruptcy Rule 9024. The rule provides, among other things, that a court may relieve a party from a final judgment or order for reasons of mistake, inadvertence, surprise or neglect, newly discovered evidence, or fraud. FED. R. CIV. P. 60(b)(1 - 3). The motion for relief must be filed not more than one year after the judgment or order. FED. R. CIV. P. 60(b). In this case, the limitations period has passed. The bankruptcy court entered its sale order on February 29, 2000, but Fortier's trustee did not move on Vicker's behalf for the IRS's disgorgement of the Carleton proceeds until February 5, 2003, almost two full years after the close of the limitations period. Vickers also urges this Court to consider Rule 60(b)(4), which allows relief from a judgment where "the judgment is void." Because Vickers did not raise this argument before the district court, she has waived it.

Accordingly, we **AFFIRM** the judgment of the district court reversing the judgment of the bankruptcy court.