ARISTIDES A. LAZARIS *vs.* METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY.

Middlesex. October 9, 1998. - December 15, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Insurance,* Unfair act or practice, Settlement of claim, Construction of policy.
*Consumer Protection Act,* Insurance, Unfair or deceptive act.

An insurer did not commit an unfair settlement practice where its liability to
an injured person was not "reasonably clear" within the meaning of G. L.
c. 176D, § 3(9)(*f*). [503-504]

This court undertook to set forth the obligation of insurers under G. L. c. 176D,
§ 3(9)(*f*), in situations in which liability is reasonably clear and the
claimant's damages exceed the coverage of the insured's policy. [504]

This court, overruling the prospective rule announced in *Thaler* v. *American
Ins. Co.,* 34 Mass. App. Ct. 639 (1993), stated that, in circumstances in
which an insurer's liability is reasonably clear and the claimant's damages
exceed the coverage of the insured's policy, the insurer does not violate
G. L. c. 176D, § 3(9)(*f*), by offering to settle the claim by paying the
policy limit in exchange for a release from all claims against its insured.
[504-506]

CIVIL ACTION commenced in the Superior Court Department on
March 9, 1995.

The case was heard by *Margot Botsford,* J., on motions for
summary judgment.

The Supreme Judicial Court granted an application for direct
appellate review.

*Michael S. Lalikos* for the plaintiff.

*Alice Olsen Mann* (*Karyn T. Hicks* with her) for the
defendant.

WILKINS, C.J. It is an unfair settlement practice, and also an
unfair or deceptive act or practice under G. L. c. 93A, § 9 (1),
if an insurance company fails "to effectuate prompt, fair and
equitable settlements of claims in which liability has become
reasonably clear." G. L. c. 176D, § 3 (9) (*f*). We are presented,
for the first time, with the question whether an insurance
company violates § 3 (9) (*f*) if it insists that a claimant against

one of its insureds release all claims against its insured before it will pay a claim in which liability has become reasonably clear.[1] We shall answer the question, setting forth a construction of G. L. c. 176D, § 3 (9) (f), that differs from the view of § 3 (9) (f) taken by the Appeals Court in *Thaler* v. *American Ins. Co.*, 34 Mass. App. Ct. 639 (1993). We shall first, however, consider the appeal of the plaintiff from a judgment in favor of the defendant insurer that was based on principles set forth in the *Thaler* case. We affirm the judgment applying the principles of the *Thaler* case.

On November 18, 1992, the plaintiff was walking on Trapelo Road in Belmont when he was struck by a vehicle operated by Christopher J. Manni, who was insured by Metropolitan Property and Casualty Insurance Company (Metropolitan). Manni's parents owned the vehicle. The plaintiff sustained substantial injuries and incurred medical expenses well above Manni's bodily injury liability coverage of $100,000. The parties stipulated that "throughout the course of its investigation, Metropolitan had serious questions concerning Manni's liability for the accident." The night in question was dark, it was sleeting or hailing, and the road surface was wet. Lazaris was wearing dark clothes, and there was evidence that he was crossing the street outside of the crosswalk. The plaintiff disputed that he was not in the crosswalk but acknowledged that he began crossing Trapelo Road before the light for traffic turned red and despite having seen Manni's car approaching. Manni said the light was green in his direction as he drove through the crosswalk. An investigating police officer believed that the plaintiff was not in the crosswalk and that Manni had not been speeding. Outside counsel gave Metropolitan an opinion that Manni's liability was questionable and that payment of the policy limit should not be made without obtaining a release of the plaintiff's claims against Manni.

Metropolitan offered to pay the full amount of the policy in settlement of the plaintiff's claims against the insured. The plaintiff, however, declined to release his claim against Manni in exchange for payment of the policy limit.

This action followed in which the plaintiff alleged (a) a negligence claim against Manni (which has been settled) and (b) a violation of G. L. c. 176D and G. L. c. 93A by Metropoli-

---

[1]The issue is also argued to us in *Premier Ins. Co.* v. *Furtado*, *post* 507 (1998), decided today.

tan.[2] On cross motions for summary judgment, a Superior Court judge granted summary judgment for Metropolitan. She concluded that Manni's liability was not reasonably clear, and hence Metropolitan did not violate § 3 (9) (f). Lazaris appealed, and we allowed Metropolitan's application for direct appellate review.

The motion judge determined that the extent of Manni's liability was disputed. The stipulated facts demonstrated that "a very valid issue [is] raised in this case concerning contributory negligence on the part of [the plaintiff]." There was, in the motion judge's view, "a good faith and factually supported disagreement concerning the insured's responsibility," or at least his degree of responsibility, for the accident. The judge concluded, and we agree, that Metropolitan's liability to the plaintiff was not "reasonably clear" in the words of § 3 (9) (f). Metropolitan did not commit an unfair settlement practice.

Because the plaintiff's appeal fails under the rule of the *Thaler* case, we need not decide the question whether to endorse the construction of § 3 (9) (f) prescribed in that case. We are aware, however, of other pending cases in which the construction of § 3 (9) (f) expressed in the *Thaler* case has been challenged. Moreover, the question of the rights of claimants and the obligations of insurance companies in similar and related situations, which will often arise, should be clarified. We, therefore, set forth the obligation of insurers based on our construction of § 3 (9) (f) in situations in which the liability is reasonably clear and the claimant's damages unquestionably exceed the coverage set forth in the insured's policy.

Section 3 (9) (f) speaks of effectuating "settlements of claims," not the payment of claims. We conclude that a claim is settled within the meaning of § 3 (9) (f) only when it is fully disposed of, which means that the claimant has released all claims against the insured. In deciding as we do, we overrule the *Thaler* rule. That rule, which was made applicable prospectively, stated that an insurance company violates G. L. c. 176D, § 3 (9) (f), if it insists on a release as a condition of

---

[2]The plaintiff did not sue Manni's parents. The plaintiff had been willing to give a release to Manni's parents in exchange for payment of the policy limits. The plaintiff does not argue that Metropolitan committed an unfair settlement practice in failing to agree to pay the policy limits to him in exchange for a release of the parents alone. Manni was substantially judgment proof at the time of the accident and at least until April, 1996.

payment of the policy limit where liability of the insured "is undisputed and damages clearly exceed the policy limits." *Id.* at 643. Further appellate review was not sought in the *Thaler* case (the insurer prevailed under pre-*Thaler* principles), and until this case we have not confronted the question whether to accept the rule of the *Thaler* case.[3]

There is a difference between making a payment on a claim and settling that claim. General Laws c. 176D, § 3 (9), recognizes that difference. Clause (*d*) concerns "[r]efusing to pay claims" without conducting a reasonable investigation. Clause (*j*) refers to "making claims payments." On the other hand, clauses (*f*), (*h*), (*i*), (*k*), and (*m*) refer to "settlements," "settle a claim," or the like. Clause (*f*) concerns claims against an insured of the insurance company. An unfair settlement practice occurs under clause (*f*) only if the company fails to make a settlement of claims in which liability is reasonably clear.

If a claimant with a claim in excess of the policy limit will not settle all claims against the insured that are covered by the policy, the company does not violate clause (*f*) by refusing to pay the policy limit. A settlement typically involves the "release or termination of further claims against the tortfeasor." *MacInnis* v. *Aetna Life & Cas. Co.*, 403 Mass. 220, 226 (1988). See *Clegg* v. *Butler*, 424 Mass. 413, 421 n.8 (1997); *id.* at 427 (O'Connor, J., dissenting) (no liability under clause [*f*] for failure to offer policy limit until claims against insured are to be settled and insured released).

The typical claim against an insured is one that falls below the insured's policy limit. In such a case, § 3 (9) (*f*) works well. If liability has become reasonably clear, the company can make a prompt and equitable settlement. The claimant is paid, and the insured is protected against liability. Where, however, liability is reasonably clear and in an amount substantially above the policy limit, the insurance company cannot effectuate a settlement that would be fair and equitable because payment

---

[3]We have cited *Thaler* v. *American Ins. Co.*, 34 Mass. App. Ct. 639 (1993), twice. In *Clegg* v. *Butler*, 424 Mass. 413, 419 (1997), we cited it for the general proposition that G. L. c. 176D, § 3 (9), and G. L. c. 93A "were enacted to encourage the settlement of insurance claims." In *Kapp* v. *Arbella Mut. Ins. Co.*, 426 Mass. 683, 684, 686-687 (1998), the *Thaler* rule had been applied in the trial court, but, on appeal, the insurance company did not challenge that rule but rather asserted unsuccessfully that it had not violated it.

of the policy limit in exchange for a release would not be fair and equitable, as it would not fully compensate the claimant for the damages sustained. Yet the best that the insurance company can do in effectuating settlement is to offer the policy limit in exchange for a release. As we have said, to pay without a release is not a settlement. The claimant can either accept the offer or proceed to trial.[4]

The insurer has a duty to its insured. If it does not fulfil that duty, it may violate G. L. c. 176D, § 3 (9), and be liable to its insured. See *Hartford Cas. Ins. Co.* v. *New Hampshire Ins. Co.*, 417 Mass. 115, 120 (1994). If we read § 3 (9) (f) as requiring payment of the policy limit without a settlement of claims against the insured, then an insurance company would be forced to watch both flanks. On one side, the company may be sued for unfair settlement practices by a claimant disgruntled by the company's failure to pay, and, on the other side, the company may be sued by an insured disgruntled by the company's payment of the policy limit without obtaining a release. We do not construe G. L. c. 176D, § 3 (9) (f), to place insurers in such a position.

The construction of § 3 (9) (f) that we have set forth applies to cases in which that construction has been properly raised at trial and, of course, in the handling of all claims pending when this opinion is released. If the Legislature wants to require an insurance company, without obtaining a settlement, to pay the policy limits in a case like the one before us, it may amend the statute.

*Judgment affirmed.*

---

[4]A third option would exist if the insured agreed to contribute to the settlement. In many cases, the insured will have no assets, and acceptance of the policy limit is the best that the claimant can do. In this case, the plaintiff wanted to pursue Manni even if he had no assets.