# United States Court of Appeals

## For the First Circuit

No. 02-1543

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,

Plaintiff, Appellee,

v.

SHAN TRAC, INC, d/b/a THRIFTY CAR RENTAL; DAIMLER CHRYSLER
CORPORATION; YURY SHKOLNIKOV, MARAT R. ROMANOVSKI, Individually and
as the surviving spouse of LEYA M. ROMANOVKSI; ELENA BROBRITSKY;
SVETLANA ROMANOVSKI; VERONICA ROMANOVSKI, a minor through her
father and next friend, MARAT P. ROMANOVSKI; SVETLANA SHKOLNIKOV,

Defendants.

and

ANNA N. KUTIKOVA, a/k/a ANNA YANKOVSKAYA, Individually and as the
surviving spouse of MARAT KUTIKOVA; MICHAEL ELKIN, Individually and
as the surviving spouse of SEYNA ELKIN; ELENA LEVINSON,
Administratrix of the estate of SEYNA ELKIN; MIKHAIL PEVTSOV,
Individually and as successor of his parents, ZYAMA PEVTSOV and
TSILYA PEVTSOV; ALEX PEVTSOV, Individually and as successor of his
parents ZYAMA PEVTSOV and TSILYA PEVTSOV; SERGEY RABOVSKY,
Individually and as the surviving spouse of ALLA ROBOVSKY; LUBA
LEVIN, as administrator of the estate of VITALY RABINOVICH and
MARIYA VILNER; MICHAEL RABINOVICH, as administrator of the Estate
of VITALY RABINOVICH and MARIYA VILNER,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Boudin, <u>Chief Judge</u>,

Farris,[*] <u>Senior Circuit Judge</u>,

and <u>Torruella</u>, <u>Circuit Judge</u>.

———————————

    <u>Marc S. Alpert</u> with whom <u>Marc S. Alpert P.C.</u> was on brief for defendants, appellants.
    <u>John P. Graceffa</u> with whom <u>Richard W. Jensen</u>, <u>William A. Schneider</u> and <u>Morrison, Mahoney & Miller, LLP</u> were on brief for appellee.

———————————

March 31, 2003

———————————

—————————

[*]Of the Ninth Circuit, sitting by designation.

**BOUDIN**, <u>Chief Judge</u>.  On March 8, 2000, a large rental van driven by Yury Shkolnikov crashed into a median barrier in Clark County, Nevada.  Eight of the van's thirteen passengers were killed, and the other five, including Shkolnikov and his wife, were seriously injured.  Shkolnikov had a Massachusetts automobile insurance policy issued by Metropolitan Property and Casualty Company ("Metropolitan") that provided a maximum of $300,000 of coverage per accident.  Faced with the prospect of claims in excess of the policy, Metropolitan commenced a statutory interpleader action in the district court of Massachusetts on August 17, 2000. 28 U.S.C. § 1335 (2000).

In its complaint, Metropolitan named 16 parties as having an interest in the proceeds of the automobile policy.  These parties included the injured passengers, the administrators of the deceased passengers, dependents, and the renter and manufacturer of the vehicle.  Metropolitan paid $300,000 into the court registry and filed a motion for summary judgment seeking <u>inter alia</u> to be released from further liability and asking that the parties be required to interplead their claims against the fund.

On March 11, 2002, the district judge conducted a summary judgment hearing.  At that hearing, counsel representing the passengers, administrators and dependents named in the suit ("the claimants") said that the parties had agreed to an eleven-way split of the insurance proceeds in which each passenger (not including

Shkolnikov or his wife) would receive a one-eleventh share ($27,272.27) of the proceeds.[1]  The parties agreed that any claims by the dependants of a passenger would then come out of the share attributed to the passenger.  The parties also agreed that a party would only be entitled to a share of the policy upon releasing Shkolnikov from any future liability for bodily injury or wrongful death stemming from the accident.

On this basis, the court issued a final judgment stating that Metropolitan, having paid the full amount of the policy into the court registry, was relieved of further liability.  The judgment, which we have reproduced in an addendum, further stated that the parties could obtain a 1/11th share of the policy in exchange for releasing Shkolnikov from any further claims of liability arising from the accident.  The judgment also said that it precluded persons not a party to the action from "forever mak[ing] [a] claim against Metropolitan" under the policy.

A number of the claimants appeal and challenge the district court's judgment on several grounds.  They first assert that the district court lacked subject matter jurisdiction, an objection that takes priority over all others.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).  The argument is that the claimants had among themselves agreed as to

---

[1]Apparently neither the rental company nor the car manufacturer  sought to collect under the policy, and there is no indication that Shkolnikov or his wife disputes the settlement.

-4-

how to split the $300,000, were not seeking more than $300,000 from the insurer, and were therefore not "adverse" to one another under the terms of the interpleader statute. Our review on this jurisdictional issue is de novo. E.g., Valentin v. Hosp. Bella Vista, 254 F.3d 358, 365 (1st Cir. 2001).

The interpleader statute requires inter alia that the stakeholder point to "two or more adverse claimants" who "are claiming or may claim" the same money or property that the stakeholder has deposited into court. 28 U.S.C. § 1335(a)(1). One might wonder how any of the claimants (except Shkolnikov) could have any claim against the insurance company. The gist of the policy is to indemnify Shkolnikov for judgments against him and the claimants do not assert that they are third-party beneficiaries. See Keeton & Widiss, Insurance Law § 4.10(a) (1988).

The partial answer may be that while Massachusetts apparently has no formal direct action statute, its law does require good faith by insurers in the prompt settlement of legitimate claims, Mass. Gen. Laws ch. 176D § 3(9) (2000), and that statute has been read in some instances to allow bad-faith claims against the insurer by injured third parties. See Clegg v. Butler, 676 N.E.2d 1134, 1138-39 (Mass. 1997). In addition, Metropolitan probably hoped to escape the obligation to defend Shkolnikov in suits against him now pending in state court in California; its policy says that the insurer's duty to defend ends when the policy

maximum has been paid "to a court of competent jurisdiction." <u>Cf.</u> Keeton & Widiss, <u>supra</u>, § 9.4(c)(2).

In all events, the claimants' jurisdictional objection fails. Long ago, in a somewhat comparable automobile accident case, the Supreme Court brushed aside the Ninth Circuit's concern that the claimants had no direct claim against the insurer. The Court held instead that the federal interpleader embraced an insurer's action against the insured's claimants. <u>State Farm Fire & Cas. Co.</u> v. <u>Tashire</u>, 386 U.S. 523, 532-34 (1967). Whether or not this practice reflects precisely the original theory of the interpleader statute, it has the Court's approval and serves a practical purpose in cases like this one.

Our own case is peculiar only in that the claimants have agreed among themselves as to how to split the pot and do not now say that they are entitled to more than a total of $300,000 from Metropolitan. However, under the statute it is enough that there "may" be adverse claims by the interpled parties against the property or fund. 28 U.S.C. § 1335(a)(1). Until the district court judgment, this certainly was a case in which adverse claims exceeding the value of the policy could have been brought by these very claimants. Indeed, the claimants own agreement appears to have been tenuous: there were arguments over the release language throughout the course of the suit and apparently even as late as the summary judgment hearing.

Although it has been said the stakeholder must have real reason to fear "double liability or the vexation of conflicting claims," Indianapolis Colts v. Baltimore, 741 F.2d 954, 957 (7th Cir. 1984), cert. denied, 470 U.S. 1052 (1985), Metropolitan had some basis for such a fear. This is not a case involving only pseudo-adversity where, for example, the stakeholder actually controls one of two claimants to a fund. Id. at 958. The same practical considerations that persuaded the Supreme Court in Tashire apply here with equal force. The potential adversity presented here is entirely sufficient to meet the relatively undemanding jurisdictional requirement. Equitable Life Assurance. Soc. of the U.S. v. Porter-Englehart, 867 F.2d 79, 84 (1st Cir. 1989).

This brings us to the merits which concern several disputed provisions of the judgment. At the close of the hearing on summary judgment, the district court ruled that it would grant relief to Metropolitan and asked the insurer's counsel to prepare a draft judgment. This draft was submitted to claimants' counsel who offered various objections by means of a letter to the district court before the judgment was entered. This being an appeal for summary judgment, preserved objections are subject to plenary review. Lewry v. Town of Standish, 984 F.2d 25, 26-27 (1st Cir. 1993). Any objections newly minted for the appeal are subject only

to plain error review. E.g., <u>Chestnut</u> v. <u>City of Lowell</u>, 305 F.3d 18, 20 (1st Cir. 2002) (en banc).

Claimants make four substantive attacks on the judgment (two others were abandoned at oral argument). They say first that the judgment does not make clear that claimants who seek payment from the fund are entitled to an <u>equal</u> one-eleventh share. They point to an ordering paragraph in the judgment that instructs only that "each person or persons who claim any share" must present a release. It is plain enough, however, from the immediately prior paragraph in the judgment that division is to be based upon "an equal, eleven way split" so that ambiguity is imaginary.

Second, and more persuasive, is the claim that the judgment leaves it unclear how the claimants are to be grouped. The problem is that there are more than eleven claimants named in the complaint (<u>e.g.</u>, multiple children of an individual decedent). The agreement among the claimants, as described at the summary judgment hearing, contemplates that those who claim under an individual passenger will together get a single one-eleventh share. However, the judgment does not so provide. Claimants simply want the judgment to specify the individuals in each of the eleven groups.

Metropolitan conspicuously does not respond to this argument although it was clearly presented in the district court and on appeal. If there is no dispute about the groupings, counsel

-8-

should have handled this by a post-judgment stipulation. But in its absence, the 16 claimants who are named parties--and who are being subject to a judgment they do not want--are entitled to have the judgment reflect accurately who gets what; in this instance identifying the membership of the respective eleven groups (not the split within each group) is all that is sought and can be easily provided on remand.

This brings us to a more serious claim affecting the present claimants, namely, that the release drafted by Metropolitan and attached to judgment releases Yury Shkolnikov from all claims arising out of the automobile accident in question. According to claimants, this could in some jurisdictions constitute a release of other potential defendants (e.g., the rental company and the car manufacturer). E.g., Dougherty v. Cal. Kettleman Oil Royalties, 88 P.2d 690, 693 (Cal. 1939) (release of one of two or more joint tort feasors operates as a release of all). Apparently, claimants have in mind suits against these parties.

The issue may not be entirely straightforward. On the one hand, some or all of the claimants may well have claims against Shkolnikov that greatly exceed their share of insurance; and the Supreme Court in Tashire said that an insurance interpleader action like this one is not a means of resolving claims of potential plaintiffs beyond their claims to the insurance. 386 U.S. at 535-37. However, this does not settle the question whether the insurer

might be entitled to a full discharge of the insured as part of the negotiated settlement with the claimants.  See Lazaris v. Metro. Prop. & Cas. Ins. Co., 703 N.E.2d 205, 207 (Mass. 1997).[2]

Here, the claimants say nothing about further claims against Shkolnikov himself; instead, they ask us to modify the judgment to protect them against inadvertent discharge of claims against other defendants.  This claim of error has been forfeited because not requested in the district court.  Faigin v. Kelly, 184 F.3d 67, 82 (1st Cir. 2001).  Relief might or might not still be available, but not from us.  See Fed. R. Civ. P. 60(b). The district judge could consider such a Rule 60(b) request on the remand otherwise required but that is not our business.

The most unusual passage in the judgment remains to be addressed.  In its second numbered paragraph, the judgment declares that "all persons with claims against Metropolitan's insured" have agreed to the equal, eleven-way split, and then continues:  "Any other persons who have or may have claims against Yury Shkolnikov arising out of the March 8, 2000 accident are hereby bound by the

---

[2]The judgment itself does not purport to release Shkolnikov from anything: it provides that anyone claiming a share of the policy will be entitled to it after presenting either a release in the form attached to the judgment or a final judgment by a court of competent jurisdiction against Shkolnikov.  Thus, a claimant could collect under the judgment by presenting a judgment, default or otherwise, against Shkolnikov; and if instead the claimant chooses to tender a release, conceivably this might be viewed as a voluntary settlement.

aforementioned split and no other persons may now or forever make claim against Metropolitan under Part 5 of [the policy]."

Claimants' brief says that there _are_ other heirs at law and next of kin who are not parties to this case but are co-plaintiffs in the state court litigation in California. The claimants object, as they did in the district court, to any such cut-off of rights of these non-parties. Metropolitan, which proposed the language in the judgment, asserts that everyone who could have a claim was served but it makes no effort to defend the clause extending the judgment to non-parties. At oral argument it conceded that the judgment does not bind non-parties who were never served or given an authorized form of notice requiring them to present their claims.

The objection to binding non-parties is clearly correct. Interpleader actions are _in personam_, not _in rem_, _see_ _New York Life Ins. Co._ v. _Dunlevy_, 241 U.S. 518, 521 (1916), and cannot resolve the rights of non-parties to anything. Even in _in rem_ actions, some form of notice (_e.g._, by publication) is ordinarily required to cut off interests in property. _E.g._, _Mullane_ v. _Central Hanover Bank & Trust Co._ 339 U.S. 306, 314 (1950). Claimants' standing to raise the issue may be doubtful, but we can and do correct such mistakes even if not raised at all. _Cf._ _Chestnut_, 305 F.3d at 21. On remand, the language in question purportedly to bind non-parties should be deleted.

-11-

Matters are somewhat different as to the judgment's related finding that "all persons" with claims against Shkolnikov arising out of the accident are parties to the agreement to split the insurance eleven ways. Here, two different issues are involved: one is the adequacy of service as to certain named parties--an objection briefed by claimants--and the other is whether anyone else, apart from named parties, has any potential claim against Shkolnikov arising out of the accident. At oral argument, claimants abandoned the first objection but persist as to the second.

The difficulty is that claimants' brief does nothing to show the state of the evidence in the district court as to whether there are other potential claimants against Shkolnikov never named in this case. It is not our job to sift unaided through the transcript and filings in the district court to see whether a finding now assailed on appeal had or lacked the requisite basis. United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990). Claimants do not say that the failure to name all potential plaintiffs is a jurisdictional error. See 7 Wright, Miller & Kane, Federal Practice and Procedure § 1611, at 167 & n.20 (3d ed. 2001).

As it happens, the possible incorrectness of the finding may not matter. If no one beyond the named claimants has a potential claim, then the finding is correct. On the other hand,

if there are <u>other</u> potential plaintiffs against Shkolnikov or Metropolitan, they are likely not bound--being non-parties--by any mistaken declaration that they do not exist.  Metropolitan so conceded at oral argument, omitting any reservation as to non-parties in privity with claimants.  Of course, under the policy Metropolitan's payment of the policy maximum to some claimants may well exhaust any obligations it has to others, but that is a different matter.

The judgment of the district court is <u>affirmed</u> in part and <u>vacated</u> in part and the matter is <u>remanded</u> for modifications consistent with this decision, specifically, to identify the membership of the eleven different groups and to delete the existing language purporting to extend the judgment to non-parties. No costs are awarded to either side.

<u>It is so ordered</u>.

ADDENDUM

The judgment of the district court (attachments omitted)

reads as follows:

On motion made by the plaintiff, Metropolitan Property and Casualty Insurance Company ("Metropolitan"), for summary judgment, and this Court being satisfied that all interested parties have had both notice and an opportunity to be heard thereon, the Court hereby orders and declares as follows:

1. That Metropolitan, having paid three hundred thousand dollars ($300,000) into the registry of this Court, representing the maximum limits of bodily injury to others coverage under policy number 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-1, effective November 5, 1999 to November 5, 2000, issued to Yury Shkolnikov, is hereby discharged of all its liabilities, duties and obligations arising under or related to the terms of Part 5. Optional Bodily Injury to Others, of the standard Massachusetts (Personal) Automobile Insurance Policy, Sixth Edition, with respect to any and all claims for bodily injury or wrongful death arising out of the March 8, 2000 accident in Clark County, Nevada.

2. That all persons with claims against Metropolitan's insured, Yury Shkolnikov, arising out of the March 8, 2000 accident have agreed to an equal, eleven way split of the $300,000 policy limits available under Part 5 of policy number 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-1, together with any accumulated interest. Any other persons who have or may have claims against Yury Shkolnikov arising out of the March 8, 2000 accident are hereby bound by the aforementioned split and no other persons may now or forever make claim against Metropolitan under Part 5 of policy number 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-1.

3. That each person or persons who claim any share or part of Metropolitan's $300,000 policy limit and any accumulated interest will be entitled thereto, after presenting to Metropolitan either a release of claims in the form attached hereto, against its insured, Yury Shkolnikov, for personal injuries or wrongful death arising out of the March 8, 2000 accident, or a final judgment rendered by a court of competent jurisdiction against Yury Shkolnikov for liability arising out of the March 8, 2000 accident.

4. Metropolitan shall, upon receipt of a release or final judgment as described in the preceding paragraph, file with the Clerk of the Court a "Notice of Claim" in the form attached to the Order and Judgment, directing the Clerk to make payments from the $300,000

previously paid by Metropolitan to the registry of the Court in accordance with 28 U.S.C. § 1335.