Yury SHKOLNIKOV, Debtor.

Mikhail Elkin, Boris Elkin, Elina Levinson, as Administratrix of the Estate of Senya Elkin, Anna Kutikov, Gennady Kutikov, Anna Kutikov, as Administratrix of the Estate of Marat Kutikov, Sergey Rabovsky, Boris Rabovsky, Sergey Rabovsky, as father and next friend of Igor Rabovsky, Sergey Rabovsky, as Administrator of the Estate of Alla Rabovsky, Luba Levin, Michael Rabinovich, Luba Levin, as Administrator of the Estate of Mariya Vilner, Michael Rabinovich, as Administrator of the Estate of Mariya Vilner, Luba Levin, as Administrator of the Estate of Vitaly Rabinovich, Michael Rabinovich, as Administrator of the Estate of Vitaly Rabinovich, Appellants,

v.

Yury Shkolnikov, and Mark G. DeGiacomo, Chapter 7 Trustee, Appellees.

BAP No. MB 05–038.
Bankruptcy No. 03–16727–WCH.

United States Bankruptcy Appellate Panel for the First Circuit.

Feb. 2, 2006.

Edward Foye and Marc Alpert, on brief for Appellants.

Stephen F. Gordon, on brief for Appellee.

Before VOTOLATO, HAINES, and VAUGHN, United States Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

On March 8, 2000, approximately three years before filing his Chapter 7 bankruptcy petition, Yury Shkolnikov was driving a rental van that crashed. Eight of his thirteen passengers died. The five surviving passengers were seriously injured. Each of the appellants is either an injured surviving passenger, an heir at law or next of kin of a deceased passenger, or the estate of a deceased passenger.[1] Together they seek review of the bankruptcy court's order denying the Chapter 7 trustee's motion seeking authority to sell them certain assets, consisting of Shkolnikov's putative "bad faith" rights against Metropolitan Property and Casualty Insurance Company ("Metropolitan"), and from its order refusing to reconsider the order denying the sale motion.

Metropolitan has appeared as appellee. It asserts that the appellants lack standing to pursue their appeal. The appellants, in turn, dispute Metropolitan's standing.

We conclude that appellants are not "persons aggrieved" by the bankruptcy court's orders. Consequently, this appeal will be **DISMISSED**. A brief explanation follows.[2]

## A. Personal Injury/Wrongful Death Matter

Metropolitan insured Shkolnikov under a Massachusetts auto policy with a $300,000 per accident coverage limit. Following the van accident, the appellants filed two cases in Los Angeles Superior Court in California against Shkolnikov and other parties to recover damages. The appellants assert that, although they were initially willing to settle their claims for the $300,000 policy limit, Metropolitan was uncooperative. Rather, in August 2000, Metropolitan initiated interpleader in the U.S. District Court for the District of Mas-

---

1. The matter on appeal has a history of court actions in multiple fora. The group of injured passengers and representatives of deceased passengers is not identical from one to the other, but it is substantially so. For convenience, we will refer to them collectively as "appellants" when discussing all the related proceedings.

2. Our conclusion relieves us from the necessity of discussing Metropolitan's standing, which, charitably characterized, is highly suspect. *See Spenlinhauer v. O'Donnell (In re Spenlinhauer)*, 261 F.3d 113, 117 (1st Cir. 2001); *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir.1987).

sachusetts, paid the $300,000 policy limit into the court registry and sought summary judgment. Metropolitan sought, *inter alia*, a release in exchange for distribution of the $300,000. But some of the appellants wished to pursue Shkolnikov to judgment, obtain assignment of his rights, and to then sue Metropolitan on a bad faith "failure to timely settle" theory.

The interpleader court granted summary judgment and approved forms of release drafted by Metropolitan. An appeal ensued. Although the First Circuit considered the releases overly broad, it determined that the proper remedy would be to seek relief under Rule 60(b)[3] in the trial court.[4] Ultimately, the district court denied the Rule 60(b) motion. The policy limits were not disbursed, and in order to obtain the funds the appellants were left to pursue judgment in California. The state court actions were set for trial commencing August 13, 2003.

### B. Bankruptcy Proceeding

The California actions were aborted by Shkolnikov's August 8, 2003, voluntary Chapter 7 petition. Pressing ever forward, the appellants filed a motion asking the bankruptcy court for relief from stay *and* for assignment of Shkolnikov's rights against Metropolitan.[5] The motion sought relief to proceed with the state court ac-

tions and expressly sought assignment of Shkolnikov's rights to proceed against Metropolitan (and others) on bad faith grounds. Metropolitan was served with the motion[6] (and a proposed form of order).[7] It did not object. The bankruptcy court granted the unopposed motion. Its order provided, *inter alia*, as follows:

> Pursuant to 11 U.S.C. § 362(d), the automatic stay imposed pursuant to 11 U.S.C. § 362(a) shall be and hereby is terminated, to permit [the appellants] to proceed against the [D]ebtor, Yury Shkolnikov in a pending state court actions [ . . . ]. In the event any Judgment obtained can not be paid in full from available insurance and insurance-like coverage each listed [appellant] is assigned all rights the Debtor and/or the Debtor's estate may have pursuant to chapters 93A and 176D of Massachusetts and/or bad faith law, and or common or statutory law of any applicable jurisdiction against [Metropolitan] and any other individual or entity with respect to the Judgment obtained. . . . [8]

The order became final without reconsideration or appeal.

For some reason (likely the desire to be girded with a belt as well as with suspenders), the appellants negotiated to purchase the same rights from the estate.

---

3. Fed.R.Civ.P. 60(b) allows a court, "on motion and upon such terms as are just" to provide relief from a final judgment for a number of reasons, including mistake. *See* Fed.R.Civ.P. 60(b).

4. *See Metropolitan Property and Cas. Ins. Co. v. Shan Trac, Inc.*, 324 F.3d 20, 25 (1st Cir. 2003).

5. Motion of Named and Listed Petitioners for Relief From Automatic Stay and For Assignment of Rights (the "Motion for Relief and Assignment of Rights"). App. at 80.

6. App. at 85–86. Service on Metropolitan was effected through William Schneider of

Morrison, Mahoney and Miller, the law firm representing Metropolitan at that time. *See id.;* App. at 69.

7. Paragraph 9 of the Motion for Relief and Assignment of Rights states that "[a] proposed order allowing this motion is attached hereto," and the certificate of service states that service was provided on the "Motion for Relief from Automatic Stay (complete package)." App. at 82, 85.

8. Order dated December 3, 2003. App. at 87–88.

The trustee filed his motion seeking authority to sell to them:

> all rights and claims of every sort and nature including but not limited to so-called bad faith claims, Chapter 93A claims, common law claims and statutory claims pursuant to the law of any jurisdiction that the Debtor or the Debtor's bankruptcy estate now has or ever has had against [Metropolitan] and/or any of its affiliates, subsidiaries, employees and/or agents.[9]

Metropolitan objected on a number of grounds. The appellants responded with a challenge to Metropolitan's standing. Without resolving the standing issue then and there, the bankruptcy court heard the matter, and denied the sale motion because it could not make a § 363(m)[10] finding of good faith.[11] The bankruptcy court refused to reconsider its order. This appeal followed.

## DISCUSSION

■ An appellant's standing is a threshold jurisdictional matter. We are duty-bound to scrutinize the issue before proceeding to the merits of the appeal. *See Kagan v. El San Juan Hotel Corp. (In re El San Juan Hotel Corp.)*, 149 B.R. 263, 271 (D.P.R.1992), *aff'd*, 7 F.3d 218 (1st Cir.1993); *In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998). Only a "person aggrieved" by a bankruptcy court order has standing to appeal. *Spenlinhauer v. O'Donnell (In re Spenlinhauer)*, 261 F.3d 113, 117 (1st Cir. 2001); *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir.1987).

■ A "person aggrieved" is a person or entity whose rights or interests are "directly and adversely affected pecuniarily" by the order. *In re El San Juan Hotel*, 809 F.2d at 154. An order directly and adversely affects a litigant's pecuniary interests if it diminishes her property, increases her burdens, or impairs her rights. *Id.*

■ Whether a litigant is a "person aggrieved" is a factual determination generally made in the first instance by the bankruptcy court. *In re Spenlinhauer*, 261 F.3d at 118. If the bankruptcy court has not undertaken the inquiry, however, an appellate court must do so, *ab initio*, on its own initiative. *Id.* Provided the appellate record discloses the requisite facts, it may permissibly make the standing determination without remand. *Id.*

■ When the bankruptcy court granted the appellants' motion seeking relief from stay and assignment of Shkolnikov's rights against Metropolitan (and others), its order conveyed to them the very rights that were the subject of the trustee's sale motion. That order is final and binding on all parties, including Metropolitan.[12] The court's refusal to authorize conveyance of the same rights to them a second time aggrieved the appellants not at all. *See In re El San Juan Hotel*, 809 F.2d at 154.

---

9. Chapter 7 Trustee's Motion for Authority to Sell by Private Sale Certain Asset Free and Clear of All Liens, Claims and Encumbrances. App. at 100.

10. All references to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. § 101, *et seq.*

11. The appellants' central contention before us is that such a finding is not required to authorize the sale, as opposed to insulating it from being unwound following appeal. *See* 11 U.S.C. § 363(m). Because the standing inquiry is dispositive, we do not reach the issue.

12. Notwithstanding Metropolitan's attacks on the assignment order's validity, the order issued without objection after notice, and is unassailable here.

Accordingly, they lack standing. *See id.* In any given case, one may succeed in convincing a court to secure its rights with belt and suspenders. But so long as a previously issued belt can do its job, one is not *entitled* to court issued suspenders, as well. There is no *right* to redundant relief.

## CONCLUSION

The appellants were not aggrieved by the order refusing to authorize the sale or by the court's refusal to reconsider that order. They lack standing before us. This matter is therefore **DISMISSED**.