# United States Court of Appeals
## For the First Circuit

No. 06-9003

IN RE: YURY SHKOLNIKOV,

Debtor.

_____

MIKHAIL ELKIN ET AL.,

Appellees,

v.

METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY,

Appellant.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

Before

Selya, <u>Circuit Judge</u>,
Campbell, <u>Senior Circuit Judge</u>,
and Lynch, <u>Circuit Judge</u>.

<u>Stephen F. Gordon</u>, with whom <u>Peter J. Haley</u>, <u>Leslie F. Su</u>, and <u>Gordon Haley LLP</u> were on brief, for appellant.
<u>Edward Foye</u>, with whom <u>Todd & Weld LLP</u> and <u>Marc Alpert</u> were on brief, for appellees.

November 20, 2006

**SELYA**, **Circuit Judge**. As a general rule, parties may appeal from a final decision, order, or judgment rendered by a court, but not simply from statements or findings contained in the body of such a decision, order, or judgment. This appeal contradicts that general rule. Consequently, we dismiss it for want of appellate jurisdiction.

Much of the relevant background is laid out in an opinion resolving an earlier, related appeal. See Metro. Prop. & Cas. Ins. Co. v. Shan Trac, Inc., 324 F.3d 20 (1st Cir. 2003). We draw heavily upon that opinion in recounting the travel of this case.

On March 8, 2000, the debtor, Yury Shkolnikov, drove a rented van into a median barrier in Clark County, Nevada. Eight of the van's passengers were killed and five were injured, apparently because Shkolnikov fell asleep at the wheel. The applicable automobile liability insurance policy, issued in Massachusetts by Metropolitan Property & Casualty Insurance Co. (Metropolitan), provided a per-accident limit of $300,000 in coverage.

Faced with potential damages far in excess of that sum, Metropolitan commenced a statutory interpleader action, 28 U.S.C. § 1335, in the United States District Court for the District of Massachusetts. Attempts to settle the interpleader action never quite came to fruition: the action culminated in a process by which the victims could collect the insurance proceeds without litigating their tort claims, but some claimants found the scope of the

-2-

required waiver to be unacceptable, and the process aborted. See Shan Trac, 324 F.3d at 24-25. Pertinently, however, while this action was wending its way through the federal courts, a number of tort claimants sued Shkolnikov for negligence and/or wrongful death in a California state court. On the eve of trial in the state case, Shkolnikov declared bankruptcy. That filing shifted the battlefield to the bankruptcy court in Massachusetts.

On November 17, 2003, the claimants, qua creditors, brought a motion in the bankruptcy court for relief from the automatic stay and for an assignment of rights. The motion described in detail the asset that the creditors sought to have assigned — Shkolnikov's rights against his liability insurance carrier (Metropolitan). Without opposition, the bankruptcy court granted the motion on December 3, 2003.

Simultaneous with the filing of the motion, the creditors, for whatever reason, brought an adversary proceeding against Shkolnikov to compel an assignment of the same rights. The bankruptcy court, acting sua sponte, dismissed the adversary proceeding on February 13, 2004. The creditors appealed.

During the pendency of the appeal, the creditors agreed to purchase whatever rights Shkolnikov might have against Metropolitan from the trustee in bankruptcy rather than attempting to obtain them through continued prosecution of the adversary proceeding. However, when the trustee gave notice of his intention

-3-

to sell the asset, Metropolitan objected.  The trustee appeared at the hearing before the bankruptcy court and said, in essence, that he thought there was no merit to the creditors' putative claims against Metropolitan but that, as a fiduciary, he saw no reason to pass up an opportunity to sell the asset (and, thus, enrich the bankruptcy estate).  The bankruptcy court nonetheless denied the motion to sell, stating that it would be "an abuse of . . . power[]" to grant the motion in light of the trustee's representations.

The creditors moved for reconsideration and, when the court denied that motion, they appealed.  On February 2, 2006, the Bankruptcy Appellate Panel (the BAP) dismissed the appeal.  See In re Shkolnikov, 337 B.R. 1 (1st Cir. BAP 2006).  The BAP did not dwell on the denial of the motion to sell but, rather, focused on the December 3, 2003 order granting the creditors' earlier motion.  The BAP interpreted that order as assigning to the creditors "all rights the Debtor and/or Debtor's estate may have pursuant to Chapters 93A and 176D of Massachusetts and/or bad faith law, and/or common or statutory law of any applicable jurisdiction against [Metropolitan] and any other individual or entity" with respect to the accident.  Id. at 3 (quoting 2003 order) (alteration in BAP opinion).  The BAP then stated:

> When the bankruptcy court granted the appellants' motion seeking relief from stay and assignment of Shkolnikov's rights against Metropolitan (and others), its order conveyed

> to them the very rights that were the subject of the trustee's sale motion. That order is final and binding on all parties, including Metropolitan. The court's refusal to authorize conveyance of the same rights to them a second time aggrieved the appellants not at all. Accordingly, they lack standing. . . . There is no <u>right</u> to redundant relief.

<u>Id.</u> at 4-5 (citations and footnote omitted). Accordingly, the BAP dismissed the creditors' appeal for lack of standing.

Since Metropolitan appeared before the BAP as an appellee, this ruling represented a victory for it. Though triumphant, Metropolitan has now appealed. It does not contest the result of the underlying proceeding — after all, as we have pointed out, the BAP's dismissal of the creditors' appeal was favorable to Metropolitan — but, rather, contests the BAP's statement that the earlier order conveyed Shkolnikov's rights to the creditors. That is not a permissible basis for an appeal.

It is an abecedarian rule that a party cannot prosecute an appeal from a judgment in its favor. <u>See</u> <u>Lindheimer</u> v. <u>Ill. Bell Tel. Co.</u>, 292 U.S. 151, 176 (1934); <u>W. W. Windle Co.</u> v. <u>Comm'r</u>, 550 F.2d 43, 45 (1st Cir. 1977). There is a corollary to this rule: since courts of appeals sit to review final decisions, orders, and judgments of lower courts, such as the BAP, not to review passages in lower court opinions, a party may not appeal a favorable decision, order, or judgment for the purpose of securing appellate review of statements or findings therein. <u>See</u> <u>California</u> v. <u>Rooney</u>, 483 U.S. 307, 311 (1987). That proposition remains true

-5-

even though the appealing party considers the offending statements or findings to be erroneous.[1]  See id.

That proposition captures the essence of this case: Metropolitan, though successful in defending against the creditors' appeal to the BAP, takes umbrage with the BAP's statements about the 2003 order.  That sort of dissatisfaction, without more, cannot confer a right to appeal upon a successful litigant.  See, e.g., Abbs v. Sullivan, 963 F.2d 918, 924 (7th Cir. 1992) (explaining that "a winner cannot appeal a judgment merely because there are passages in the court's opinion that displease him").

We need go no further.  Because Metropolitan had no right to appeal from the BAP's decision in its favor, we dismiss this proceeding without prejudice for want of appellate jurisdiction. We take no view as to the correctness vel non of the BAP's interpretation of the 2003 order which, as we understand it, remains open to testing in other proceedings.[2]

**Appeal dismissed.  All parties shall bear their own costs.**

---

[1]There may be a narrow exception to this proposition in cases in which an essential element of the decision will have detrimental preclusive legal effect on the would-be appellant in future proceedings.  See Elect'l Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 242 (1939); W. W. Windle, 550 F.2d at 46.  That exception is not implicated here.

[2]We are advised that Metropolitan has pending, before the district court, an appeal from the denial of a motion for relief from the 2003 order.